CITY OF HOLLY SPRINGS *v.* MARSHALL COUNTY.

[61 South. 703.]

1. STATUTES. *Repeal by implication. Construction. Highways. Code 1906, section 4469. Acts 1910, chapter 150.*

   The law does not favor repeal of a statute by implication. If two statutes are seemingly repugnant, they should be so construed, if possible, that the latter shall not be a repeal of the former by implication.

2. SAME.

   In construing statutes, we must look to the intention of the legislature, the spirit of the law, the policy and the purpose of the same, and the legislation upon the subject and if possible a harmonious interpretation should be adopted.

3. HIGHWAYS. *Disbursement of funds. Code 1906, section 4469. Acts 1910, chapter 150.*

   Chapter 150, Acts 1910, providing an additional method for working the public roads, does not provide a full or complete scheme for raising funds and the statement relative to the manner of raising funds in that chapter is only to the extent of authorizing the board to adopt any one, or more, of the different methods provided in the Code sections for that purpose.

4. SAME.

> Chapter 150, Acts 1910, did not repeal by implication section 4469, Code 1906, and a city could recover thereunder, from a county electing to come under the provisions of that chapter, one-half of the road taxes collected by the county treasurer on property within the city limits.

APPEAL from the circuit court of Marshall county.

HON. H. K. MAHON, Judge.

Suit by the city of Holly Springs against Marshall county. From a judgment for defendant, plaintiff appeals.

This suit was instituted for the recovery by the city from the county of one-half of the ad valorem taxes collected by the county treasurer on property within the city limits. Section 4469 of the Code of 1906 provides that: "One half of the ad valorem [road] tax collected on property within a municipality shall be paid over to the treasurer thereof, in cases where the streets are worked at the expense of the municipal treasury, or worked by municipal authority, and all other ad valorem taxes collected shall be paid to the county treasurer, and used by the board of supervisors as a general road fund within such portion of the county as is worked by contract."

*Smith & Totten,* and *Whitfield, McNeil & Whitfield,* for appellant.

We wish to point out to the court that the entire argument of counsel for appellee, in the first place, ignores completely a portion of the agreed statement of facts by which the courts will try this case and decide the issue between the contending parties. The part of the statement of facts which he ignores is the beginning of part 4 of the statement of facts, in the following words: "That in addition to the eight days service or commutation tax provided for in said section 4469 of said Code the board of supervisors of said county levied an ad va-

lorem tax of two mills on the dollar on all taxable property of the said county of Marshall for the purpose of raising funds to defray the  expenses  incurred in the working of all its public roads.''

This statement in the agreed statement of facts certainly precludes counsel for appellee from arguing that Marshall county did not collect a commutation tax as provided for in sec. 4469 of the Code of 1906, and, furthermore, it certainly precludes him from arguing that the ad valorem tax was not levied in accordance with sec. 4469 of the Code of 1906.  This must necessarily have been true for the very simple and conclusive reason that ch. 150 of the Laws of 1910 nowhere fixes any limitation for the ad valorem tax.  It does not authorize one mill, two mills, three mills, or any number of mills on the dollar, and, in order to find any complete authority, you must read into the ch. 150 of the Laws of 1910, the provision of 4469 of the Code of 1906, which authorizes the board of supervisors to levy an ad valorem tax ''not to exceed three mills on the dollar in any one year.''

The whole argument of counsel for apepllee is that ch. 150 of the Laws of 1910 is a complete and independent, separate, and distinct law for the working of public roads, and also for the raising of funds for working said roads, and it must, and can, look to no other law or part of a law to make it entire and complete.

If his argument is sound, let us ask the court and counsel for appellee, how much ad valorem tax is said board of supervisors of Marshall county authorized to levy and collect under ch. 150 of the Laws of 1910 exclusively? Counsel and the court will see at one reading of ch. 150 that it does not anywhere undertake to fix the limit of the ad valorem tax, and if, therefore, this law is complete in itself, the board of supervisors, according to counsel for appellee's argument, would have a right to levy an ad valorem tax of one hundred cents on the dollar, instead of a tax of two mills on the dollar, for any one year.

The fact that this act does not state the limit of the ad valorem tax, but does state that this act shall not repeal any other act or alter any other method of working public roads, is conclusive, alone, of the fact that the construction put upon this ch. 150 by this court in the case of *Weston* v. *Hancock county*, 54 So. 307, the court speaking through Chief Justice Mayes with Justice Smith concurring, to the effect that the Laws of 1910 preserves all the present laws on the subject of roads, simply creating another way in which the roads could be worked, is thoroughly sound, and the only legal construction that could be placed upon the act, especially, in view of its failure to limit the ad valorem tax to three mills as it is limited in sec. 4469 of the Code of 1906.

This fact, together with the fact already pointed out, that the agreed statement of facts expressly itself refers to sec. 4469, and states that the board levied an ad valorem tax of two mills on the dollar in addition to the eight days service or commutation tax provided for in sec. 4469 of the Code, renders it certain and conclusive that the construction urged upon the court by counsel for appellee cannot be maintained with any reason or logic at all.

We, therefore, most respectfully submit that this case must be reversed and judgment entered here for appellant for the sum of eight hundred and ninety-six dollars and seventy-one cents.

*Lester G. Fant,* for appellee.

Attorneys for appellant in their brief state that chapter 150 is silent as to the disbursement of the tax raised, this being the case, what authority has a board not working its road under the provisions of the Code of 1906 to disburse this tax in any way different from the disbursement of the other taxes raised for county purposes. We contend therefore that as chapter 150 is a new and separate way, that it is independent of all old ways of

working the road; that the provisions as to the disburse-
ment of the road tax in one of the old ways of working
the road, cannot possibly give any authority to a board
not working under that method to disburse the moneys
of the county in a manner not authorized by law under
which they are operating. If it was the intention of the
legislature of the state of Mississippi to have section
4469 apply to counties working under chapter 150, page
145 of the Laws of 1910, why did they go to the foolish
expedient of providing for the method of collecting the
tax without any reference to the sections of the Code of
1906 instead of stating that the taxes should be levied,
collected and disbursed, in compliance with section 4469.
It may be argued that there is no reason for the disburse-
ment provided for in section 4469, Code 1906, that would
not apply when the road was being worked under the
new method. Our reply to that is that this court has
nothing to do with the reasons, or lack of reasons, for
the acts of the co-ordinate branch of the legislature of
the state of Mississippi. This was decided in case of
Wallace v. Cox, 100 Miss. 525.

Our contention, therefore, is that as we are working
under chapter 150, we must look to said section for all
the law connected, not only with the assessment and col-
lection of the road tax, but for the disbursement of the
same; and the reason for the board not making the ap-
propriation asked for is, that the state legislature either
by oversight, or by intention, failed to give the authority,
and whether it was by oversight or by intention, the ef-
fect of the failure to give authority is the same; and
that said board consequently has no authority to make
the appropriation, not because there is a repeal by im-
plication of section 4469, but because while section 4469
is not repealed and has full force and effect while the
county is working its roads under the provisions of said
section, that so far as a county that is not working its
road under the provisions of that section, it is in effect

repealed, null and void, and is exactly as far as that county is concerned, as though it never had been enacted by the legislature of the state.

In the case of *Swann* v. *Buck* reported in vol. 40 Miss. Rep. at pp. 269 and 308, we find this language: "It is true that repeals by implication are not favored by the court; yet, it is a well settled rule of interpretation that although the subsequent be not repugnant in all its provisions to a prior one, yet if the late statute was clearly intended to prescribe the only rule that should govern in the case provided for, it repeals the original act." Citing Sedgwick on Statute and Constitutional Law, p. 124; *Davis* v. *Fairbairn,* 3 How. U. S. R., 636; *Dexter & Limerick Bank Road Company* v. *Allen,* 15 Barber, 135.

We contend that as chapter 150 provided the only method of collecting and disbursing the road tax for counties operating under said chapter, that so far as these counties were concerned the provisions of section 4469 of the Code of 1906, was in effect repealed; consequently, the board of supervisors of Marshall county acting under chapter 150 of the Laws of 1910, have no authority to pay out the money claimed by the city of Holly Springs, and that this case should be affirmed.

Argued orally by *G. Q. Whitfield,* for appellant, and *L. G. Fant* for appellee.

REED, J., delivered the opinion of the court.

The city of Holly Springs claims one-half of the amount of ad valorem taxes collected on property within the city for the year 1911 by the tax collector of Marshall county, in accordance with the provisions of section 4469 of the Code of 1906. The tax collector refused to pay the amount of taxes so claimed to the treasurer of the city, and paid the same to the treasurer of Marshall county, and the county treasurer also refused to pay over the amount to the city. The streets of Holly Springs

are worked under municipal authority and at the expense
of the city and were so worked in 1911.   The following
relative to the working of the public roads in Marshall
county and the raising of funds for that purpose since
1905 is taken from the agreed statement of facts in this
case:

"That on the 6th day of June, 1905, the said county
of Marshall, by an order of its board of supervisors to
that effect duly entered on its minutes in Minute Book
No. 15, page 422, elected to work all its public roads by
contract in accordance with the provisions of chapter
119, page 153, of Laws 1900, and so continued to work
its said roads under said Laws of 1900 until the adoption
of said Code of 1906, and thereafter said roads were
worked under sections 4465, 4466, 4469, 4470, 4471, 4472,
4473, 4474 and 4475 of said Code, in so far as said Code
provisions of said sections related to said Laws of 1900,
chapter 119 therof, until the 9th day of September, 1911,
when the said county of Marshall, by an order entered
upon its minutes on Minute Book 17, page 493, the said
board of supervisors of said county elected to come under
chapter 150, page 145, Laws of 1910, as its method of
working all the public roads of said county, and from that
time forth to the present date has worked and maintained
its public roads under said chapter 150, page 145, of
Laws of Mississippi of 1910.   That in addition to the
eight days' service or commutation tax provided for in
said section 4469 of said Code, the board of supervi-
sors of said county levied an ad valorem tax of two mills
on the dollar on all taxable property of the said county
of Marshall for the purpose of raising funds to defray
the expenses incurred in the working of all its public
roads and the building of its bridges in said county for
said county for said year 1911."

It is agreed that the amount involved in this suit is
one-half of the ad valorem taxes collected for the year
1911 on property within the city of Holy Springs by the

county tax collector for road purposes in the county, and that the amount should be paid to the city, unless the election by the county to come under the provisions of chapter 150 of the Laws of 1910 repealed sections 6 and 7 of chapter 119 of the Laws of 1900, and section 4469 of the Code of 1906. It is contended by the appellee, Marshall county, that when the county, by order entered upon the minutes of the board of supervisors, elected to come under the provisions of chapter 150 of the Laws of 1910, then the sections of the Code of 1906 relative to working of the public roads by contract, being sections 4465 to 4475, both inclusive, were not applicable to Marshall county. The county also contends that chapter 150 presents a complete system for working the roads, entirely independent and separate from the system of working by contract, and that the law as contained in that chapter must be looked to, not only for the method of doing the work, but also for all necessary directions in the raising and disbursing of funds for the purpose of carrying on the work.

Chapter 119 of the Acts of 1900 provide a plan for the working of the public roads by contract. The law contained in this chapter, with some changes, was carried into the Code of 1906, and is contained in sections 4465 to 4475, both inclusive. After the adoption of the Code, and prior to September 9, 1911, when the county elected to work its public roads under the provisons of chapter 150 of the Laws of 1910, Marshall county was working its public roads by contract in accordance with the Code sections. It will be noted that these 11 Code sections provide as follows: Section 4465, the method of working by contract; section 4466, for a road and bridge commissioner; section 4467, that the supervisors of the county shall have general supervision of the roads; section 4468, for the inspection of the roads by the members of the board and the commissioner; section 4469, a general plan for raising and disbursing road funds; section 4470,

that persons subject to commutation tax could work out their time; section 4471, for the working of convicts on the roads; section 4472, for reports to be made by the supervisors; section 4473, for liability by a supervisor or contractor to indictment for neglect of duty; section 4474, that the assessor shall make assessment against all persons subject to commutation tax; and section 4475 states that "the provisions of the foregoing eleven sections shall not apply to any county in the state, except by order of the board of supervisors to that effect, duly entered on their minutes; nor shall they apply to any county already working the roads under any existing legal contract system, unless the contractors and the boards interested shall mutually agree upon such change and elect to come under the provisions of said sections."

Now we understand that the provisons of the foregoing Code sections duly applied to Marshall county on September 9, 1911, when it was decided it should come under the provisons of chapter 150. It will be observed that the legislature, in chapter 150 of the Laws of 1910, provided that the board of supervisors of a county might adopt an additional method of working the public roads and building bridges by the purchase of its own outfit and the appointment of a competent commissioner to have charge of and direct the work. It was not made obligatory on the board to so do the work, but it was left to its option. The board, if it saw fit, could adopt the additional method. Now, it will be seen that it is plainly stated in section 2 of the act that the act should not repeal any other act or alter any other method of working public roads. There is, therefore, no repeal by the words of the statute.

It is contended that the statue provides an exclusive way in which funds necessary for the work are to be raised and disbursed. We note that section 2 states that the boards may raise funds for the working of roads and building of bridges in several different ways. There

is no express direction that the board shall raise funds in any definite way. Under this section there may be a bond issue, or a commutation tax, or an ad valorem tax, or an acreage tax, or the boards may raise the funds, using the language of the statute, "by both, or any, or all of said methods." It is clear that a new or additional method of working the public roads is provided by chapter 150; but has a definite and complete scheme for the raising and disbursing all necessary funds been provided therein, and to the extent that it excludes all other provisions of the law relative to raising funds for road purposes?

We must consider chapter 150 along and together with the provisions of the Code. Seeing that the 11 sections relative to working of public roads and building bridges were made effective in Marshall county, does the election of the board of supervisors of that county to work its roads by the new method provided in chapter 150 render all of the provisons of the law contained in those sections ineffective and inapplicable in that county? The chapter does not state that this shall be so. The law does not favor the repeal of a statute by implication. If two statutes are seemingly repugnant, they should be so construed, if possible, that the latter shall not be a repeal of the former by implication. *Richards* v. *Patterson,* 30 Miss. 583.

In construing statutes, we must look to the intention of the Legislature, the spirit of the law, and the policy and purpose of the same. In reference to the history and passage of a law it has been decided that, in construing a statute, the entire legislation on the same subject, its policy and reason as well as the text of the particular act, must be looked to. *Adams* v. *Railroad Co.,* 75 Miss. 275, 22 South. 824. Statutes relating to the same subject are to be construed together, if possible, and a harmonious interpretation should be adopted. All statutes relating to the same subject must be taken as one

system, and construed consistently if this can be done. *Eskridge* v. *McGruder*, 45 Miss. 294.

In the case of *Weston* v. *Hancock County*, 98 Miss. 800, 54 South. 307, chapter 150 of the Laws of 1910 was under consideration. The question before the court was as to the validity of certain bonds which it was claimed were to be issued under chapter 150; whereas, at the time the roads of the county were being worked under a contract system provided in the Code sections. Chief Justice MAYES, in delivering the opinion of the court, said: ''No material change was made in the road law by the act of 1910, except as to the method of working the roads. The Laws of 1910 preserve all the present laws on the subject of roads, simply creating another way in which the roads could be worked. The Law of 1910 allows roads to be worked by the board through a commissioner, a method not heretofore permitted; but the essential purpose for which the bonds are authorized to be issued in both cases is for the working of the road.''

In comparing section 2 of chapter 150 with the provisions of the Code, and especially section 4469, it will be seen that a complete plan for the raising and disbursing of funds is not provided in chapter 150. On the other hand, we will see that the legislature only intended to authorize and permit the board to raise funds for the working of roads and building bridges by any one, or all, of the methods provided in the Code for that purpose. Section 4469 is complete in its provision of a method. Section 331 of the Code of 1906 provides a method for raising money by the issuance of bonds. Relative to the incompleteness of the second section of the chapter, we note that no limitation is stated as to the tax to be levied, as in section 4469.

A careful consideration of all of the facts in this case and of all the statutes on the subject, leads us to conclude that chapter 150 provides a new method of working the roads, but does not provide a full or complete

scheme for raising funds, and that the statement relative to the manner of raising funds in that chapter is only to the extent of authorizing the board to adopt any one, or more, of the different methods provided in the Code sections for that purpose.

We also conclude that Marshall county, when it elected to come under the provisions of chapter 150, was not entirely taken out and from under the provisions of the Code sections on the subject, but that the same were applicable to the county, except as to the new method of working the roads with its own outfit and through the services of a commissioner, as provided in section 1 of the act. There are no express words in chapter 150 of the Laws of 1910 to make the provisions of section 4469 inapplicable to Marshall county. We should not conclude that this has been done by implication. The chapter only provides a new way of doing the necessary work to maintain the roads and bridges. The general laws on the subject are still preserved and in force. It appears that the ad valorem tax had been levied in the county for 1911, and we see no reason why the provisions of section 4469 should not control its disbursement.

We therefore conclude that the city of Holly Springs should have its one-half of all taxes collected on property within the municipality for that year.

Reversed, and judgment here in favor of appellant.

*Reversed.*