ELLIS *v.* DONNELL, Sheriff.

[72 South. 878.]

COUNTIES. *Highways. Improvement. Powers of supervisors. Statutes.*

Chapter 177, Laws 1916, provides an additional method to the present method of working public roads of any county or beat, it furnishes an entirely separate and distinct method from that provided by Code 1906, section 333, and the only limitation on the right of the board to issue such road bonds, is that

the bond issue shall not exceed five per centum of the assessed valuation of the real and personal property of such district, exclusive of outstanding bonds.

Appeal from the chancery court of Rankin county.

Hon. Geo. C. Tann, Chancellor.

Injunction by W. C. Ellis against S. D. Donnell, Sheriff and tax collector. From an order sustaining a demurrer to the bill, complainant appeals.

Appellant filed a bill in chancery seeking to enjoin the appellee from acting in his official capacity in the collection of a special tax levied by the board of supervisors to pay interest on and create a sinking fund for the retirement of fifty thousand dollars of road bonds of supervisor's district No. 1, Rankin county, Miss., issued under chapter 177, Laws 1916, which provides that the board of supervisors may raise funds for the working and construction of public roads and building bridges by a commutation tax or an *ad valorem* tax or an acreage tax, or by a bond issue not to exceed five per centum of the assessed valuation of all property of such district, or both or any of such methods, and provides, further, that said act shall not repeal any other act or alter any other method of working public roads. There is no provision in said act for the holding of an election, and it is contended by appellant that section 333 of the Code of 1906, providing for publication of notice and the calling of an election on petition of ten per centum of the adult taxpayers protesting against the issuance of such bonds, is controlling.

The lower court sustained a demurrer to the bill, and this appeal is prosecuted.

*J. Knox Huff,* for appellant.

*Sidney L. Mclaurin* and *Stingily & McIntyre,* for appellee.

STEVENS, J., delivered the opinion of the court.

The only question presented by this appeal that requires an expression from us is whether the board of supervisors, under chapter 177, Laws 1916, can issue road bonds for supervisor's district No. 1, here in question, without calling the election provided by section 333, Code 1906, initiated by ten per centum of the adult taxpayers; or, in other words, whether chapter 177, Laws 1916, furnishes an entirely separate and additional authority for the issuing of road bonds for a supervisor's district which has been duly organized into a separate road district under the terms and provisions of the amendatory act of 1916. This chapter 177, Laws 1916, amends chapter 257, Laws 1912, which in turn amends chapter 150, Laws 1910, entitled "An act to provide additional methods of working public roads," etc. We hold that chapter 177, Laws 1916, means exactly what it says; that is, that it is "in addition to the present method of working public roads of any county or beat," and that it "shall not repeal any other act or any other method of working public roads." It furnishes an entirely separate and distinct method from that provided by the Code sections in question; and the only limitation on the right of the board to issue the bonds in question is that the bond issue shall "not exceed five per centum of the assessed valuation of the real and personal property of such district, exclusive of outstanding bonds."

The demurrer to the bill was properly sustained.

*Affirmed.*