MARTIN *v.* LITTLE.

[76 South. 142, Division B.]

HIGHWAYS. *Taxation. Statute.*

> Chapter 177, Laws 1916, authorizing highway taxation if a county board of supervisors should elect to proceed under it, is independent of the last 11 sections of the Code, chapter on "Roads, Ferries and Bridges," and is not limited by Code 1906, section 4469, limiting taxation to three mills on the dollar, since such limitation relates to another and entirely distinct method of highway taxation.

APPEAL from the chancery court of Smith county.
HON. D. M. RUSSEL, Chancellor.

Bill by J. M. Little against G. M. Martin, Sheriff. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*S. V. Little* and *R. C. Russel,* for appellant.

*Sidney L. McLaurin* and *R. S. Tullos,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

J. M. Little, the appellee, who was a citizen and taxpayer of district three of Smith county, Miss., filed a bill in the chancery court of said county against the sheriff and tax collector seeking an injunction against the sheriff to restrain him from collecting an eight mill road tax on two thousand four hundred and ninety dollars worth of property owned by the complainant in said district and county, said tax amounting to nineteen dollars and ninety-two cents. He alleges in the bill that the board of supervisors entered an order on their minutes adopting chapter 177 of the Laws of 1916 as a road law for district No. 3 of Smith county, and that they levied an *ad valorem* road tax of eight mills on the dollar in said

district for the purpose of paying for the working of the
roads under that system, and that the sheriff by virtue
of said order was attempting to collect said road tax. It
is further alleged that the said chapter 177, Laws of
1916, does not fix the limit of the *ad valorem* road tax
that the board may levy, but claims that said act is sup-
plemental to section 4469 of the Code of 1906, and that
in that section the board is limited to three mills on the
dollar for road purposes. It is further alleged that, if
chapter 177 is not supplemental to and controlled by the
limitations in the Code chapter (section 4469), said
chapter 177 would be unconstitutional and void. He
further alleges that a levy of eight mills is unreasonable
and void, and that the limit that the board could levy
was three mills on the dollar. The sheriff demurred to
the bill, the demurrer was overruled, defendant declined
to plead further, and final decree was entered restrain-
ing the sheriff from collecting five mills of the eight
mills levied, and from this judgment the sheriff appeals
here.

The first question we will notice is whether or not
chapter 177 is independent of the last 11 sections of the
Code chapter on "Roads, Ferries, and Bridges," or
whether section 4469 is a limitation on the tax author-
ized under chapter 177, Laws of 1916. Under the chap-
ter on Roads, Ferries, and Bridges there are two sep-
arate road contract schemes, and in addition to this the
old system of working under the overseer system. Sec-
tion 4469 provides for a road tax not to exceed three
mills on the dollar. This system of road working was
brought forward from the Laws of 1900 and begins with
section 4465, and the concluding section 4475 of this sys-
tem provides that the foregoing eleven sections shall
not apply in any county in the state except by order of
the board of supervisors to that effect duly entered on
their minutes. Another system is contained in said
chapter, beginning at section 4441 of the Code, and in
section 4443, under this system, it is provided the board

shall have power to levy an *ad valorem* tax not to exceed one mill on the dollar. Under the chapter on Boards of Supervisors, beginning at section 365, another system of road working is provided and in section 368, under this system, it is provided that the board may levy a special tax upon all taxable property in the county not to exceed one mill on the dollar. So the Code contains three separate systems of taxing to pay for roadwork, and it is difficult to see why section 4469 would apply any more than section 4443 or section 368. Section 85 of the Constitution provides that the legislature shall enact laws for the working of county roads by contract or by convicts, but that the law shall not be effective in any county unless the board of supervisors of the county shall elect by an order entered on its minutes to adopt such law. In the case of *Ellis* v. *Donnell, Sheriff,* 112 Miss. 129, 72 So. 878, this court, speaking through Justice STEVENS, held that chapter 177 of the Laws of 1916 was a separate road district. To use his language:

"It furnishes an entirely separate and distinct method from that provided by the Code sections in question."

It is manifest from this opinion as well as from section 85 of the Constitution that the Code sections did not impose a limitation on the taxing power granted in chapter 177. A similar law was construed by the court in the case of *Lang* v. *Board of Supervisors of Harrison County,* 75 So. 126, in which opinion the court used the following language:

"If the act is to be regarded as an additional method independent of other methods, as it seems to us it must be, then it follows that its own terms are to govern unless there is some general statute broad enough in its terms to make a contrary conclusion mandatory."

The legislature in chapter 177 in section 2 provides as follows: "The board of supervisors may raise funds for the working and constructing of public roads and building bridges by a commutation tax of three dollars

on all persons subject to road duty in such county or
district, to be collected as herein provided, by an *ad
valorem* tax on the assessed valuation of real and per-
sonal property of such county or district, by an acreage
tax or by a bond issue not to exceed five per centum of
the assessed valuation of the real and personal property
of such county," etc.

Unless the limitation "not to exceed five per centum"
be construed as a limitation on the power of the board
to levy this tax, there is no limitation in this chapter.
Chapter 85 of the Laws of 1916 is the general law on
the limitation of the power of the board of supervisors
to levy tax and from this limitation roads, courthouses,
county common schools, and agricultural high schools
are excepted. There is therefore no limitation in this
chapter on the power of the board of supervisors to
levy taxes, and a careful search of the Constitution
fails to disclose any section in the Constitution which
imposes a limit on the power of the county to tax at all.
The legislature has granted the power to tax to the
board of supervisors in chapter 177 without restriction
at least under five per cent. and the levy involved here
does not approximate this limit. If there is any power
in the courts to limit the board of supervisors in their
powers and duties of levying taxes for lawful purposes,
it does not arise in this case, and would not arise unless
the tax levied was manifestly in excess of the needs for
lawful purposes, and we will not decide that question
until it is properly presented for decision.

It follows from what we have said that the judgment
of the court below was erroneous, and it is hereby re-
versed, and judgment here dismissing the bill.

*Reversed and dismissed.*