CITY OF BAY ST. LOUIS v. HANCOCK COUNTY.

[83 South. 276, In Banc.   No. 2925.]

TAXATION.  *County need not divide taxes with municipality.*

A county cannot be compelled to pay to a municipality one-half of a road tax collected on property within the municipality under the provisions of Laws 1910, chapter 150, as amended by Laws 1918, chapter 140, since said act as amended does not so provide.

APPEAL from the circuit court of Hancock county.
HON. D. M. GRAHAM, Judge.
Proceeding before the board of supervisors by the city of Bay St. Louis against Hancock county. From a judgment on appeal in the circuit court for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Robert L. Genin,* for appellant.

Section 4469, Code 1906 (section 7143, Hemingway's Code), as amended by chapter 140, Laws 1918, in part provides: "One-half of the *ad valorem* tax collected on property within a municipality shall be paid over to the treasurer thereof in cases where the streets are worked at the expense of the municipal treasury or worked by municipal authority."

The object and intention of the legislature is plain. Property should not be burdened with taxation without a corresponding benefit and the legislature properly intended, that money collected from the property in the city for roads should be divided, if the county is not assisting in the upkeep, one-half going to the county as the city's *pro rata* upkeep of the county roads outside of the city and one-half returned to the city as the county's *pro rata* of the upkeep of the city streets.

It certainly is a fair division when considering that it is only a division of the city taxpayer's money, no contribution or *pro rata* being paid by the county taxpayers for their use of the city streets.

The county operating under chapter 150, Laws 1920, and amendments has authority to levy taxes for road purposes which was done, but the county contends, that as the provision for the division is contained in section 4469, Code 1906, and amendments, that section limiting only a three mill levy, we are therefore only entitled to one-half of the three mills. In other words the county assumes the attitude of acquiring the right to burden the property in the city with taxes for road purposes under two separate sections of the law, and that the city for the benefit of its streets can only claim a division of taxes for street purposes under one section.

This is a rather selfish attitude, but we must acknowledge the generosity of the county in giving us one-half of the larger amount, when according to their contention they had the option of doing either. They could just as consistently contend that the two levies were made under chapter 150, Laws 1910, and its amendments.

The county operating under these two laws, constitute one system of collecting and disbursing taxes for road purposes in the county and one-half of the *ad valorem* tax collected for road purposes on property in the city should be paid the city according to the method of disbursement. All statutes relating to the same subject must be taken as one system and construed consistently, if this can be done. *Eskridge* v. *McGruder*, 45 Miss. 294. In construing a statute, the entire legislation on the same subject must be taken as one system and construed consistently. *Adams* v. *Railroad Company*, 75 Miss. 275, 22 So. 824.

The county working under both laws above referred to, the laws must be considered together as a harmonious whole. When that is done by placing together chapter

177, Laws 1916, and chapter 140, Laws 1918, that provision providing ''One-half of the *ad valorem* tax collected on property within a municipality shall be paid over to the treasurer thereof in cases where the streets are worked at the expense of the municipal treasury, etc.,'' is conclusive of the city's contention.

In the case of the *City of Holly Springs* v. *Marshall County,* 51 So. 703, one of the questions there was whether or not the adoption of the new road system under chapter 150, Laws 1910, by an order of the board of supervisors automatically repealed the old system under section 4469 of the Code and the court held that it did not and this honorable court has since differed with that decision. In the case at bar it is agreed that the order of the board of supervisors is that Hancock county is working under both jointly. Therefore that portion of the opinion of the court on the question of the distribution of the taxes when a county is working under both systems of working roads is the law of the state. In construing the two methods as one system, the court said: ''It appears that the *ad valorem* tax had been levied in the county for 1911, and we see no reason why the provisions of section 4469 should not control its disbursement. We therefore conclude that the city of Holly Springs should have its one-half of all taxes collected on property within the municipality for that year.''

I submit to the court that the matter was passed on in the Holly Springs case and that this court is again called on to decide the meaning of the chapter 100 of the Laws of 1910 as amended by chapter 177 of the Laws of 1916 and section 4469, Code 1906 as amended by chapter 140 of the Laws of 1918, construed together, as the laws of collection and disbursement of taxes collected on property in the city for road purposes, where the levy is in excess of three mills, and whether so construing, a municipality should receive one-half of the

taxes ·collected, the municipality receiving the other
half from the county.

"A court in construing statutes must give effect to
the legislative intent and should look to the spirit and
purpose of the statutes." *Kennington* v. *Hemingway,* 57
So. 809, 101 Miss. 259, 39 L. R. A. (N. S.) 541; Annt.
Cases 1914B., 392; *City of Holly Springs* v. *Marshall
County, supra; Darnell* v. *Johnson,* 69 So. (Miss.) 780.

In addition to our contention that the three mill
limitation in section 4469 cannot be taken as a limita-
tion of the basis of settlement with the city, when the
county has authority to levy a larger amount under a
combined system; we also contend that it cannot be
taken as a limitation to levy and in no way applies to
Bay St. Louis; that portion of the section reads as
follows: "In addition to the commutation tax there
shall be an *ad valorem* tax not to exceed three mills
on the dollar in any one year, on all taxable property
within such portion of the county so worked."

That provision or limitation does not apply to the
city of Bay St. Louis under the agreed statement of
facts, because the county does not work or appropriate
money for the working of the streets of the city in any
way, by contract or otherwise. The provision is repug-
nant to and in no way possible can it be harmoniously
construed with that portion of the section requiring
the disbursement of *ad valorem* taxes to municipalities,
for the manifest reason that the limitation is within
the territory worked by the county and the disbursement
is for the municipal territory not worked or in any way
helped by the county.

The county should not be sustained in their conten-
tion that we are only entitled to one-half of the limita-
tion of three mills when such limitation no way applied
to a municipality. The levy made by the county total-
ing five mills is valid and they could have levied more.
*Martin* v. *Little,* 76 So. 142.

We therefore submit to the court in conclusion, that should this honorable court uphold the contention of the county and affirm this case, they could then levy a total of twenty mills and divide it in two levies, a one mill levy and a nineteen mill levy and say to the city, that you only get one-half of the one mill levy, because we only have authority to levy within a limit of three mills by one section of the law and by that section we can only give you one-half of the one mill. We levied the nineteen mills under 'the other section and under that section we are not authorized to give you one cent for your streets. Could the legislature have intended such jugling of the statutes to the injury of the tax-paying property of a municipality, when considering that the same property of a municipality must necessarily again be taxed by the city authorities for the purpose of maintaining their streets?

There can be no other reasonable construction than that laid down in the Holly Springs case, that where the city works its streets at the expense of its own treasury without assistance from the county, that one-half of the *ad valorem* tax collected by the county for road purposes must be paid over to the city.

I therefore respectfully submit that the judgment of the lower court should be reversed and a judgment entered in this honorable court in favor of the City of Bay St. Louis in the sum of one thousand, three hundred and ninety-three dollars and ninety-seven cents.

*E. J. Gex,* for appellee.

We will not discuss the facts separately in this case for the reason that the facts are not disputed and the law is based solely on the question of section 4469 of the Code of 1906, so that we might as well discuss it all, law and facts at one time.

The only right that this appellant has to any money whatever is that right given by statute. If our statute does not give it any right it receives what the statute gives, that and no more. We have several systems of working our public roads. In fact three systems. One is the old overseer system; the other is the contract system; and the third method is the county working the road itself. Hancock county decided to work their roads under two systems, that is the contract system; and to work its roads itself; in fact the method actually used and not in the record is, that parts are worked by contract, that is, the dirt roads, while the shell roads and the bridges are worked by the county which systems provide a method of collecting taxes, and the contract system, section 4469, provides what certain sum the cities in the county will receive where they work their own road. Nothing is provided for the city under the other system, viz., chapter 15, Laws 1919, and its amendments. Now if the city expects anything from the county it must show that it receives it under that section. That section gives the city the right solely to collect as an *ad valorem* tax, only three mills. Under the agreed statement of facts it appears that we charge five mills. Nothing is there said, that is, under section 3469 to the city receiving more than one-half of the three mills. If we charged more than three mills the assessment as far as the amount over three mills had to be under Laws 1910, chapter 150, and its amendment, to be legal. If the assessment was legal and it was so decided in *Martin* v. *Little*, 76 So. 142, then the city was not entitled to one red cent, because it was decided in the Martin case that we could make that levy, and if the assessment of everything over three mills was illegal, the city could not complain, it being solely a question between the taxpayer and the county, as decided in the Waveland-Hancock county case held by this court.

So that taken from any angle this appellant has nothing to stand upon.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding, begun before the board of supervisors of Hancock county and appealed therefrom to the court below, in which the appellant seeks to recover from the board of supervisors of Hancock county one-half of certain road taxes collected by the county on property situated within the appellant municipality.

The cause was tried on an agreed statement of facts, from which it appears:

"That the city of Bay St. Louis is an incorporated city in Hancock county, and the streets of said city are worked at the expense of the city treasury and by municipal authority. That Hancock county by proper order of the board of supervisors is operating under sections 4465 to 4475, both inclusive, Code 1906, and also under chapter 150 of the Laws of 1910 and amendments thereto.

"That two of the orders of the board of supervisors fixing their levy of taxes for the year 1918 is as follows:

" 'Ordered by the board that a tax of two mills (2) be and the same is hereby levied upon all the taxable property of this county for the fiscal year 1918 for road and bridge purposes and to be paid into the county treasury to the credit of the road and bridge fund.'

" 'Ordered by the board that a tax of three mills (3) be and the same is hereby levied upon all taxable property of this county for the fiscal year 1918 for road purposes and to be paid into the county treasury to the credit of the road fund.'

". . . It is agreed that taxes under said orders for road and bridge purposes were levied and collected upon all property in the county, including all property within the incorporated limits of the city of Bay St. Louis.

"It is further agreed that the amount collected by the county on the property in the city of Bay St. Louis for the fiscal year 1918 and paid into the county road fund is four thousand, three hundred and eleven dollars and twenty-four cents, and the amount collected by the county on property in the city of Bay St. Louis and paid into the county road and bridge fund is two thousand, eight hundred and seventy-four dollars and sixteen cents, and that none of said funds or any other fuds were spent by the county on the city streets.

"That the city of Bay St. Louis presented its bills to the board of supervisors for one-half of said *ad valorem* taxes collected by the county and paid into the treasury of the county to the credit of said funds, less the commissions paid to the tax collector, and that a copy of said bills which are correct in amounts are attached hereto and made part of this agreement; Exhibit A being a claim of said city for one-half of the *ad valorem* tax collected on the property in the city for road purposes and placed to the credit of the road fund, Exhibit B being the claim of said city for one-half of the *ad valorem* tax collected on property in the city for road and bridge purposes and placed to the credit of the road and bridge fund. It is further agreed that a warrant was issued to the city of Bay St. Louis in the amount of two thousand dollars and ninety-five cents in payment of that portion of the claim of the city covered by Exhibit A, and that 'portion of the claim covered by Exhibit B was refused and rejected. This suit is brought for that amount (one thousand, three hundred and ninety-three dollars and ninety-seven cents). It is agreed that the city may cash said warrant of two thousand dollars and ninety-five cents, and that no advantage will be taken by the county for so doing, either as a defense or bar to this suit or claim for other *ad valorem* taxes."

The contention of the county is that the order by which the two-mill tax was levied was adopted under

chapter 150, Laws of 1910, and its amendments (Hemingway's Code, section 7151 et seq.), and that the order by which the three-mill tax was levied was adopted under section 4469, Code of 1906 (Hemingway's Code, section 7143) as amended by chapter 140, Laws of 1918; that this last-named statute does not require one-half of the taxes collected by a county on property within a municipality to be paid into the city treasury; consequently it is under no obligation so to do.

The contention of the city is that it is entitled to one-half of all of the road taxes collected by the county on property situated within the city limits, and this proceeding is for the collection of one-half of the tax collected under the two-mill order; one-half of the tax collected under the three-mill order having been paid to it.

No question which could arise on this record has received any consideration by us, except the one and only contention of the appellant, to which this opinion must be limited, that the provision of section 4469, Code of 1906 (Hemingway's Code, section 7143), directing that one-half of the road tax collected by a county on property within a municipality shall be paid into the municipal treasury, must be read into chapter 150, Laws of 1910, as it now appears in Hemingway's Code, section 7151 et seq., and chapter 140, Laws of 1918, and although this last-named statute contains no such provision, nevertheless one-half of the taxes collected thereunder by a county on property within a municipality must be paid into the municipal treasury under the provision of the Code section so requiring.

This contention finds support in the case of *Holly Springs* v. *Marshall County,* 104 Miss. 752, 61 So. 703, wherein it was held that chapter 150, Laws of 1910, "does not provide a full or complete scheme for raising funds," and that the provisions of the Code section here under consideration were applicable thereto. In

*Ellis* v. *Donnell,* 112 Miss. 129, 72 So. 878; *Lang.* v. *Board of Supervisors,* 114 Miss. 341, 75 So. 126, and *Martin* v. *Little,* 115 Miss. 195, 76 So. 142, it was held that chapter 150, Laws of 1910, as amended, which amendments have no bearing on the point here under consideration, does provide a full and complete scheme for raising funds, and that the provisions of the · Code section here under consideration have no application thereto. These cases were followed in *Lamar County* v. *Railroad Co.,* 118 Miss. 243, 79 So. 90, and it was there pointed out that the Holly Springs Case was necessarily overruled by them, but that it may no longer mislead, it is hereby expressly overruled.

Chapter 150, Laws of 1910, as it now appears in chapter 140, Laws of 1918, contains no provision that one-half of the taxes collected by a county thereunder on property in a municipality shall be paid into the municipal treasury; consequently under the cases hereinbefore cited it is under no obligation to do so.

It may be, as contended by counsel for the appellant, that it does not appear from the record which of the orders levying taxes was adopted under the Code section, and which under chapter 150, Laws of 1910, as it now appears in chapter 140, Laws of 1918, as to which we express no opinion, but if it be true that it does not so appear, the appellant can still recover nothing, for in order for it to recover it must appear that the appellee withholds from it its share of taxes collected under the Code section, and if it does not so appear the payment heretofore made by the appellee to the appellant may have been of grace and not of right. We are relieved, however, of any trouble along this line by the appellee's admission that the three-mill tax was collected under the Code section.

*Affirmed.*