BOARD OF SUPERVISORS OF LAUDERDALE COUNTY *v.* CITY OF MERIDIAN.*

(Division A.   Oct. 24, 1927.   Suggestion of Error Overruled Jan. 2, 1928.)

[114 So. 803.   No. 26606.]

1. HIGHWAYS. *Law requiring taxes for certain improved roads to be used solely therefor repeals, as affects such taxes, previous law granting half of taxes to municipality (Laws 1926, chapter 227; Laws 1920, chapter 232).*

Laws 1926, chapter 227, requiring that any tax levied for maintenance of certain improved roads must be used solely for that purpose, in so far as it affects taxes so levied, cannot be harmonized with Laws 1920, chapter 232, authorizing payment to municipality of half of road taxes collected therein after notifying board of supervisors by resolution, and to that extent repeals the latter act, precluding recovery by city of half of taxes levied for maintenance of certain improved roads.

2. STATUTES. *Conflicting statutes with no express repeal provisions should be construed if possible so as to harmonize them.*

   Conflicting statutes with no express repeal provisions should be construed if possible so as to harmonize them and give full effect and proper applications to provisions of both, since repeals by implication are not favored.

3. HIGHWAYS. *Levy of road tax is not for benefit of municipal street fund to extent of one-half of tax collected within municipality (Laws 1920, chapter 232; Laws 1926, chapter 227).*

   Levy of road tax by board of supervisors under Laws 1926, chapter 227, is not made for the benefit of municipal street fund to extent of one-half of tax collected within municipality, and no part thereof is payable to municipality, since right of municipality under Laws 1920, chapter 232, to receive one-half of such taxes arises only in event it elects to preserve for itself the benefit of such act by resolution as provided therein.

4. HIGHWAYS. *Law requiring taxes for specified improved road to be used solely therefor conflicts with law authorizing city to demand one-half tax collected therein (Laws 1920, chapter 232; Laws 1926, chapter 227).*

   Laws 1926, chapter 227, mandatorily requires that all taxes levied for maintenance of any specified improved roads shall be used solely for that purpose and for no other purpose, and hence conflicts with Laws 1920, chapter 232, authorizing municipal corporation, in case of election, to require payment to it of one-half tax collected within municipality.

5. HIGHWAYS. *Levy for road maintenance, based on recommendation of levy for certain named improved roads, was made for that purpose and not generally (Laws 1926, chapter 227).*

   Where recommendation of road commissioners under which board of supervisors received authority to make special levy for road improvement recommended and requested levy for certain named improved road, the levy was made for purpose of maintaining certain improved roads within meaning of Laws 1926, chapter 227, and not generally for benefit of maintenance fund, notwithstanding particular item was listed simply as good roads district No. 1, since only authority which board of supervisors had to make special levy was based on such recommendation.

*Corpus Juris-Cyc. References: Highways, 29CJ, p. 727, n. 69, 74, 76, 81; p. 731, n. 23; p. 733, n. 33; p. 740, n. 17; p. 741, n. 26 New; Statutes, 36Cyc, p. 1071, n. 25; p. 1076, n. 39.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Action by the city of Meridian against the board of supervisors of Lauderdale county. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*Victor W. Gilbert,* for appellant.

The issue is whether a municipality located within a good roads district, is entitled to one-half of the *ad valorem* taxes collected on property in the city, where the tax is levied for the maintenance of specified roads. The city of Meridian claims that it is entitled to this money under chapter 232, Acts of 1920, and the board of supervisors, conceding for the present the validity of this chapter, denies that the municipality is entitled to the money under chapter 227, Acts 1926.

The issue involved is purely a question of law. This question of law is presented by the plea of the defendant to which a demurrer was sustained. When two statutes are brought under review the first effort is to harmonize them if possible; but if this is impossible then the latest is to be given effect.

Chapter 149, Laws 1910, under which good roads district No. 1 of Lauderdale county, was organized is set forth as amended under section 7158 et seq., Hemingway's Code, and 7158 et seq., in Hemingway's Supplement being chapter 277, Laws of 1920.

Neither in the original Act of 1910 nor in any of the amendments thereto, down to chapter 277, Acts of 1920, is found any authority for paying to municipalities one-half of the taxes collected on the property in the cities. Each of these amendatory Acts is complete within itself and under neither is the city entitled to one-half. *Bay St. Louis* v. *Hancock Co.,* 120 Miss. 873, 83 So. 276.

Under each of these amendatory Acts a special tax levy for the good roads district is authorized only on recom-

mendation of the road commissioners. The limit of the levy was raised from one mill in prior acts to three mills under section 6 of chapter 277 of 1920. Until chapter 232, Acts of 1920, was enacted no municipality was entitled to any part of this fund.

When we examine the companion scheme for road building as reflected in chapter 150, Laws 1910, and the amendments thereto, which was under review in the *Hancock County case, supra,* we find the same silence as to any right of municipalities to participate in the proceeds of tax levies for road purposes. These two chapters, 149 and 150 of 1910, are the two great tap roots from which has grown our magnificent road building program in this state.

The legislature has well-defined schemes for road construction and each of these schemes is complete, not only as to the manner and method of forming road districts, and the manner of financing the operations, but also as to methods of working roads. None of these schemes or methods call for a division with municipalities. Chapter 232 is a mere fragment of a law, it is wholly incomplete. Without specific reference to all the other laws on the subject it is meaningless. It deals with taxes after they have been collected and ignores all the legislation on the subject as to the manner, method, and purpose of taxation for road purposes and is nothing but a blanket amendment of all these laws without any reference to them whatever. Chapter 232 was a radical departure from a decade of legislation on road construction.

Chapter 227, Acts 1926, reads: "That hereafter when any tax shall be levied for the maintenance of any certain improved road, or roads, that said tax shall be used solely for the purpose of maintaining such road or roads and for no other purpose." Not that one-half of such tax shall be used for that purpose, but the whole of it.

Chapter 232 is broad in its terms including all taxes for "road purposes." Chapter 227 is limited in its scope, applying to "certain improved roads." Unless the road

named is also an improved road chapter 227 does not apply.

In the court below the argument was made that the statute dealt with the use of the funds after they had been distributed, that chapter 227 didn't apply until after the distribution had been made.

But the fallacy of this whole argument is at once apparent when we find that the Act, chapter 227, applies to the levy of the tax for a certain purpose, and the proceeds follow the purpose of the levy; the collection being a mere routine, ministerial act.

The levy and the request of the commissioners must be construed together. Each without the other is abortive. The request to make the levy was accepted, approved and adopted by the board. The court erred in sustaining the demurrer to the plea.

*A. B. Amis,* for appellee.

The scheme of all the various separate road district acts is, that the roads of the district shall be maintained by a commutation tax and special *ad valorem* tax to be levied annually by the board of supervisors; and a practice (more or less general), had grown up, of making the annual levy of taxes for the maintenance of the roads of the district in general terms. Afterward, and during the same fiscal year, the commissioners of the separate road district, would take over the maintenance of additional roads, and use the tax money so levied and collected to maintain these additional roads, the same as those of which they had control at the time of the levy.

And we submit that this was the evil which chapter 227, Laws of 1926, was intended to remedy. The true intent and meaning of that chapter was to provide a uniform rule for the use of the funds levied to maintain the roads of all good roads districts, by requiring that such funds should be used solely in maintaining the roads under the jurisdiction and control of the commissioners at

the time of making the levy, and for no other purpose.
That this is the true meaning of the act is indicated by
its language, which merely restricts the use of such funds
to the maintenance of the particular road or roads for
the maintenance of which the levy was made.

The effect of chapter 232, Laws of 1920, is that when
the board of supervisors levies a county tax, for the gen-
eral county road fund, that such levy is actually made
for the benefit of the general county road fund and also
for the benefit of the municipal street fund, to the extent
of one-half of the tax collected within the municipality.
And when the board levies a good roads district tax, that
such levy is actually made for the benefit of the good
roads district maintenance fund, and also for the benefit
of the municipal street fund, to the extent of one-half the
tax collected within the municipality. · The real levy for
the good roads district maintenance fund, is the amount
remaining after paying over to the municipal treasurer
one-half the tax collected within the municipality.

Chapter 227, Laws of 1926, does not conflict with chap-
ter 232, Laws of 1920, nor affect the distribution of the
tax collected, between the good roads district mainte-
nance fund and the municipal street fund, but merely
restricts the use of the good roads district fund, after it
had been collected and distributed, as provided by chap-
ter 232, Laws of 1920.

The levy in the case at bar was not made for the pur-
pose of maintaining any certain road or roads, but was
made generally for the benefit of the "maintenance
fund" of good roads district Number One.  The commis-
sioners had no authority to do anything more than to
recommend a tax levy for the general maintenance fund
of the roads of the district, and that their enumeration
of the roads in the district was mere surplusage, to which
the board of supervisors paid no attention when it came
to enter its order making the levy.  And it will be noted
that the record in the case at bar shows that the various
roads specified in the recommendation of the commission-

ers, was in fact all the roads in the district and all the roads of which the commissioners had jurisdiction and control. So that the real effect of the recommendation was that a tax be levied to maintain all the roads in the district generally.

Repeals by implication are never favored. *State* v. *Jackson,* 119 Miss. 727, and where two statutes are apparently repugnant they should be so construed as to reconcile the conflict, if possible, and thus avoid such a repeal. *Darnell* v. *Johnson,* 109 Miss. 570; *Holly Springs* v. *Marshall County,* 104 Miss. 752.; *Grocery Co.* v. *Lindsey Wells Co.,* 103 Miss. 468; *Archer* v. *Mayse,* 101 Miss. 36; *Dugger* v. *Board of Supervisors,* 129 Miss. 552; *Coker* v. *Wilkinson,* 142 Miss. 1. And where the earlier statute deals with the subject with particularity it is not repealed by a subsequent statute in general terms containing no negative words, unless they are so repugnant as to clearly demonstrate the legislative purpose. *Coker* v. *Wilkinson,* 142 Miss. 1.

In construing a statute the entire legislation on the same subject, its policy and reason as well as the text of the particular act must be looked to. *Adams* v. *Y. & M. V. Ry. Co.,* 75 Miss. 275. And in such case it is competent to look to the state of affairs existing at the time of its enactment and the necessary effect produced by it. *Miss. Cent. R. R. Co.* v. *State,* 46 Miss. 157; *Kimball* v. *Alcorn,* 45 Miss. 145.

Applying these rules to the two acts in question it seems clear that chapter 227, Laws of 1926, is not necessarily repugnant to chapter 232, Laws of 1920.

Argued orally by *Victor W. Gilbert,* for appellant, and *A. B. Amis,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Lauderdale county against the board of supervisors,

in favor of the city of Meridian, for the sum of twenty-one thousand two hundred sixty-two dollars and sixty-four cents, being one-half of the *ad valorem* taxes collected on property located in said municipality, under a three-mill levy on the taxable property of good roads district No. 1 of the county, for the fiscal year 1926.

The declaration filed on behalf of the city of Meridian, in substance, alleged that the city is located within board of supervisors district No. 1 of said county, and that its streets are worked and maintained at the expense of the municipal treasury; that about the year 1910, said board of supervisors district was organized into a separate good roads district, under and pursuant to the provisions of chapter 149, Laws of 1910, and that since that time, the district has continued to exist under that chapter and the amendments thereto; that on the 17th day of March, 1925, and on the 15th day of June, 1926, the city passed resolutions notifying said supervisors that it would claim and demand one-half of all the road taxes collected by the county on property located in the city of Meridian, as provided by chapter 232, Laws of 1920, which resolutions were filed with the clerk of the board of supervisors; that on the 5th day of October, 1926, the commissioners of good roads district No. 1 of said county, which embraced the whole of supervisors' district No. 1 of said county, filed with the clerk of the board of supervisors their recommendation that a three-mill tax on all taxable property within said good roads district No. 1, including the city of Meridian, be levied for the purpose of maintaining certain specified roads within said district during the year 1926, which roads, so specified, and particularly described, were all the roads that were then under the jurisdiction, control, and maintenance of said commissioners of said road district; that said recommendation was approved and accepted by an order of the board of supervisors, and was spread at large upon the minutes of said board; that, at the November, 1926, meeting of said board of supervisors, a

certain general order was entered, in and by which a tax
was levied for all county and county district purposes,
including maintenance taxes for divers good roads dis-
tricts of said county.; that, by said general order, a
three-mill tax was levied for the benefit of the mainte-
nance fund of said good roads district No. 1, and that
thereafter, pursuant to said levy, the tax collector of said
county collected these taxes on property in the city of
Meridian and paid same into the county treasury.

The declaration further alleged that, under the terms
and provisions of chapter 232, Laws of 1920, said city
was entitled to have paid to its treasurer, for the benefit
of said city, one-half of said sum so collected on property
located inside the city limits; that on the 4th day of
March, 1927, the city council of Meridian adopted a reso-
lution directing and requiring its clerk and treasurer to
demand of the board of supervisors payment of said
sum; that thereafter proper demand was made for the
payment of this sum, but said board of supervisors de-
clined to pay same, or any part thereof, and judgment
was demanded for the sum claimed to be due the city.

To this declaration, the board of supervisors inter-
posed a demurrer, which was overruled, and thereupon
leave was granted to file pleas. The plea filed averred
that the roads named in the resolution and recommenda-
tion of the road commissioners, a copy of which was
filed as an exhibit to the declaration, and all roads in
good roads district No. 1 of said county, were what is
known as improved roads. The plea then set forth a de-
scription of the roads named in said recommendation,
showing how each of them was improved, whether paved
or graveled, etc., and averred that said roads were all of
the roads in good roads district No. 1 of said county,
and all of the roads under the jurisdiction of the road
commissioners of said district. It also averred that said
city had no jurisdiction or control over any of said roads,
and that any part of the special three-mill tax levy that
might be paid into the city treasury would be used for

municipal purposes, and not for the maintenance of said roads, and that to so divert any part of said funds would be contrary to the provisions and requirements of chapter 227, Laws of 1926.

The city demurred to this plea, which demurrer was sustained. Thereupon the board of supervisors declined to plead further, and judgment was rendered for the city for the sum of twenty-one thousand two hundred sixty-two dollars and sixty-four cents, or one-half of the taxes collected under said levy on property located within the city limits, and from this judgment this appeal was prosecuted.

The question presented for decision by this appeal is whether or not chapter 227, Laws of 1926, repealed chapter 232, Laws of 1920, in so far as the latter chapter applied to *ad valorem* taxes levied for the maintenance of any specified improved road or roads.

Sections 1 and 2 of chapter 232, Laws of 1920, read as follows:

"That one-half of all *ad valorem* taxes collected by or for a county or a separate or a special road district operating under any laws of the state, on property within a municipality, the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority, for road purposes of such county or district, not including taxes for the purposes of paying bonds issued for road purposes or the interest thereon or for creating a sinking fund for retiring the same, shall be paid over to the treasurer of such municipality for said municipality. . . .

"That all commutation taxes for road purposes collected from residents of a municipality by or for such county or district shall be turned over to the treasurer of such municipality for such municipality and be by it expended for street purposes. Provided that any municipality desiring to preserve for itself the benefits of this act shall by resolution notify the board of supervisors that such municipality will claim its one-half of all road

taxes collected therein, and thereafter such municipality shall be entitled to all the benefits of this act.''

Chapter 227, Laws of 1926, provides that:

''Hereafter when any tax shall be levied for the maintenance of any certain improved road, or roads, that such tax shall be used solely for the purpose of maintaining such road or roads and' for no other purpose.''

Chapter 227, Laws of 1926, does not expressly repeal any of the provisions of chapter 232, Laws of 1920, and, since repeals by implication are not favored, the two statutes should be construed, if possible, so as to harmonize them and give full effect and proper application to the provisions of both.

The first statute which authorized the levy of an *ad valorem* tax for the maintenance of the public roads of a county was chapter 82, section 45, Laws of 1892, which appeared in the Code of 1892 as section 3931, and' it provides that:

''The taxes so collected on property within a municipality, the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority, shall be equally divided between the county road fund and the municipal street fund.''

This section was brought forward in the Cod'e of 1906 as section 4443, and as section 8387, Hemingway's 1927 Code, and a similar provision appears in section 4469, Code of 1906 (section 8409, Hemingway's 1927 Code), and these statutes are still in full force and effect. The legislature of 1910 provided two additional methods of constructing and maintaining public road's. By chapter 150 of the Laws of 1910, it was provided that the board of supervisors, in addition to other methods of working public roads, might purchase teams, implements and material, and employ labor, and work the public roads, and build brid'ges, under the direction of a competent commissioner, to be employed by them, and also provided that the said boards might raise funds, for the working of roads and building bridges, by bond issues, a commu-

tation tax, an *ad valorem* tax, or an acreage tax, or any or all of said methods.

In the case of *Holly Springs* v. *Marshall County*, 104 Miss. 752, 61 So. 703, it was held that the said chapter 150, Laws of 1910, did not provide a full and complete scheme for raising funds for working public roads, and that since it did not expressly make inapplicable the Code provisions in reference to the division of funds between the county and the municipalities located therein, these provisions controlled the disbursement of funds collected under that chapter, and entitled the city of Holly Springs to one-half of all taxes collected on property within the municipality. The said chapter 150, Laws of 1910, was amended by chapters 257 and 258, Laws of 1912; and by chapters 172 and 177, Laws of 1916, and by chapter 140, Laws of 1918, and, as amended, was again before the court in the case of *Bay St. Louis* v. *Hancock County*, 120 Miss. 873, 83 So. 276, in which it was contended that the city was entitled to one-half of all the road taxes collected by the county on property situated within the city limits. The court there held that chapter 150, Laws of 1910, as amended, did provide a full and complete scheme for raising funds, and, since it contained no provision that one-half of the taxes collected by a county thereunder on property in a municipality shall be paid into the municipal treasury, the Code sections providing for such payment have no application to funds collected under the chapter, and the case of *Holly Springs* v. *Marshall County, supra,* was expressly overruled.

Good roads district No. 1 of Lauderdale county was organized under chapter 149, Laws of 1910, and this chapter, as amended by chapter 277, Laws of 1920, provides a full and complete scheme for constructing and maintaining public roads in any one or more supervisors' districts of a county, and for raising funds for that purpose, and it likewise contains no provision that one-half of the taxes collected by a county thereunder on

property in a municipality shall be paid into the municipal treasury; and, consequently, the Code sections hereinbefore referred to have no application to funds collected under this chapter. The legislature of 1920, however, enacted chapter 232, Laws of 1920, under the provisions of which the city of Meridian would be entitled to one-half of the taxes collected on property within the municipality under this three-mill levy, unless the provisions of this act have been modified or repealed by chapter 227, Laws of 1926, which requires that:

"When any tax shall be levied for the maintenance of any certain improved road, or roads, . . . such tax shall be used solely for the purpose of maintaining such road, or roads, and for no other purpose."

In support of the right of the city to share in these funds, counsel advances three principal contentions. The first contention is that when a board of supervisors levies a county tax, or a good roads district tax, for the benefit of the general county road fund, or road district maintenance fund, as the case may be, such levy is actually made for the benefit of such funds, and also for the benefit of the municipal street fund, to the extent of one-half of the tax collected within the municipality; in other words, that the real levy for the good roads maintenance fund is the amount remaining after paying over to the municipal treasurer one-half of the tax collected within the municipality.

We do not think this contention is sound. No part of this tax is levied primarily for the benefit of the municipal street fund, and no part thereof is payable to the municipality in all events. The municipality is only entitled to a proportionate share of this special road tax, in the event it elects to preserve, for itself, the benefit of this act, and, by resolution, notifies the board of supervisors that it will claim one-half of all road taxes collected on property within its boundaries. A municipality may or may not claim the benefit of the act, and if it does not do so, the taxes collected for road purposes

remain a part of the fund for the benefit of which they were originally levied and collected.

Counsel for the appellee next contends that chapter 227, Laws of 1926, does not affect the distribution of the tax collected, between the good roads' maintenance fund, and the municipal street fund, but only restricts the use of that part of the taxes so collected which remains in the road maintenance fund after the municipality has received its proportionate share of the taxes collected on property within the municipality, and, consequently, that there is no conflict between chapter 227, Laws of 1926, and chapter 232, Laws of 1920. Such, however, is not the language of the said chapter 227. It mandatorily requires that all taxes levied for the maintenance of any specified, improved road, or roads, shall be used solely for the purpose of maintaining such road, or road's, and for no other purpose. If any part of a tax which was levied for the maintenance of a particular improved road, or roads, is paid into the municipal treasury for the benefit of the street fund, such tax is not used solely for the purpose of maintaining such road, or roads, and the plain mandate of this statute is violated.

It is next contended that, in the case at bar, the levy of three mills was not made for the purpose of maintaining any certain improved road, or roads, but was made generally, for the benefit of the maintenance fund of good roads district No. 1, and, consequently, chapter 227, Laws of 1926, has no application to the distribution and use of this fund.

It is true that in the order levying county and county district taxes for the fiscal year 1926, this particular item is listed simply as: ''Good Roads District 1, Maintenance Fund—three mills.'' The only authority, however, which the board of supervisors had to make this special levy of three mills is based upon the recommendation of the road commissioners, and this recommendation is found in the resolution of the road commissioners, which recommended and requested a levy for certain

named improved roads.  The road commissioners were only authorized to recommend and request a levy for the public roads which had been surveyed, adopted and improved by them, and which were then under their jurisdiction.  When the commissioners of this road district made their recommendation for a levy for the maintenance of certain named roads, this recommendation or resolution was accepted and approved by the board of supervisors by an order spread upon the minutes of the said board, and when, in pursuance of this resolution and request, the levy was actually made, although the specified improved roads were not again named in the order, it was, nevertheless, a levy for the maintenance of those certain improved roads named in the recommendation and request of the road commissioners, and, under the provisions of chapter 227, Laws of 1926, could be used for no other purpose than the maintenance of these particular roads.  The circumstance that the improved roads named in the recommendation and request of the road commissioners were all the roads then in the district and under the control of said commissioners, does not change the character of the levy from one ''for the maintenance of any certain improved road or roads, to a general levy for the maintenance of the roads of the district.  We are therefore of the opinion that, in so far as they affect taxes levied for the maintenance of designated improved roads, chapter 232, Laws of 1920, and chapter 227, Laws of 1926, cannot be harmonized, and, to that extent, the latter act repeals the former, and, consequently, that the appellee, the city of Meridian, was not entitled to recover the taxes sued for.

The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellant.

*Reversed, and judgment for appellant.*