CHARLES CAMPBELL *v.* NEW ORLEANS NATIONAL BANK.

1. WAGERING CONTRACTS. *Judgment.*

   A suit on a judgment rendered upon a note given for a gambling contract can be defeated by showing the illegality of the original transaction.

2. SAME.   *Code* 1880, § 990; *Code* 1892, § 2114.

   Judgments on any wager whatever are void under the statute (code 1880, § 990; code 1892, § 2114), and money lost on any wager can be recovered back by the loser.

3. SAME.   *Futures.*

   A contract for the payment of differences in prices, arising out of the rise and fall in the market price above or below the contract price, is a wager on the future price of the commodity, and is therefore invalid.

4. SAME.   *Repeal of statute.   Code* 1880, § 990; *Laws* 1882, *p.* 140.

   Repeals of statutes by implication are not favored.   Code 1880, § 990, was not repealed by act of 1882 (Laws 1882, p. 140).   The second section of the act of 1882 was idle and did not change the law already in force, so far as concerns contracts made in this state.

FROM the circuit court of Montgomery county.

HON. C. H. CAMPBELL, Judge.

The New Orleans National Bank sued appellant upon a judgment.   The defendant in the court below filed two pleas, each averring that the judgment sued upon was rendered by default upon a promissory note executed in this state to J. H. Allen & Co., to reimburse them for money paid for defendant, and as defendant's agents, in a gambling transaction on the rise and fall of prices, commonly called dealing in futures.   A demurrer to the plea first filed was sustained, and then the second one was presented, varying the defense only in form, and, a demurrer being sustained to the second plea, the defend-

ant below declined to plead further.  Judgment having gone against defendant, he appealed.

*Sweatman, Trotter & Knox,* for appellant.

That the contracts mentioned in the pleas were wagering contracts, and as such utterly void, is clear.  Code 1880, § 990; code 1892, § 2114; *Clay* v. *Allen,* 63 Miss., 426; Lawson on Contracts, sec. 288; Tiedeman on Commercial Paper, sec. 189. And equally so are contracts made for the advancing of money knowingly to be used in gambling.  Code 1880, § 990; code 1892, § 2114; *Clay* v. *Allen,* 63 Miss., 426.  The fact that a note was given in settlement of losses, that the note was transferred and a judgment obtained thereon, makes no difference under our law.  12 Smed. & M., 571; *Ib.* 157; 55 Miss., 244. The act of 1882 (Laws 1882, p. 140) did not repeal code 1880, § 990.  This act of 1882 was intended to enlarge the statutes against gambling in futures, and not to restrict them.

*Hill & Sisson,* on same side.

The judgment sued upon is not conclusive against the pleas. A judgment upon a gambling contract, under our law, is utterly void, even if rendered in favor of an assignee, and can have no legal effect whatever.  *Lucus* v. *Waul,* 12 Smed. & M., 157; *Smyther* v. *Keys,* 1 George, 179; *McAuley* v. *Mardis,* 1 Walker, 307; *Crawford* v. *Storm,* 41 Miss., 540.  The "buying of futures" was actually prohibited by code 1880, § 990, and there is no inconsistency between that section and the act of 1882.

*Somerville & McLean,* for appellee.

Is the judgment of 1889 for money lost at a "wager," and therefore void?  § 2114, code of 1892 (§ 990, code 1880).  Is it a judgment upon a contract for purchase of a commodity to be delivered at a future day, etc.?  § 2116.  If the latter, was not the cause of action merged in the judgment, and can there

be any inquiry as to the original consideration? The only exception to the general doctrine of merger in our common law courts is the change of the rule prescribed in cases coming within § 2114, code of 1892 (§ 990 of code of 1880), where the judgment is condemned as void.

If the contention of appellant's counsel were well founded, the act of 1882 against futures would have been entirely unnecessary. Invoking the rule of construction applied in *Lemonius* v. *Mayer*, 71 Miss., 514, let us consider (1) the old law, (2) the mischief, (3) the remedy provided by the act in question. The law against the wagering of contracts has been upon the statute books since 1822, and yet Judge Cooper, in the case last cited, p. 521, says: "Now, the old law was that the contracts commonly called 'futures' were legal contracts, and that a party thereto might enforce them by resort to the courts."

The mischief resulting from such speculations need not be rehearsed here. The remedy which was deemed sufficient was to make the act criminal, and to deny the right of enforcement of the contract in any court of this state. The time to call in question that right was when the action was first brought on the note. The legislature did not intend to make the judgment void, or it would have said so, as in the case of wagering contracts. It did not intend to impose such a clog upon commerce or to destroy the equities of subsequent holders and assignees by giving perpetual right of repudiation, to be waived or exercised at the option of the defaulter. 5 How., 110.

Cases cited by opposing counsel in the lower court, which seemed to militate against the foregoing views are not applicable to the case at bar. *Smither* v. *Keys*, 1 George, 179, holds judgment void because the statute says so. Hutch. code, § 940. In *McAuley* v. *Mardis*, Walker, 307, the judgment was not plead as *res adjudicata*. The case of *Clay* v. *Allen*, 63 Miss., 426, is simply to the effect that, prior to the enactment of 1882, a wager might be made under the guise of a sale or purchase of cotton. But transactions since that enactment, and within its

terms, are by every reasonable rule of construction to be judged by it. Section 990, code of 1880, was not sufficient. Its penalty was excessive in rendering a judgment on the contract absolutely void, and hence the enactment of the law of 1882, prescribing different penalties and preventing the enforcement of the contract.

WOODS, J., delivered the opinion of the court.

The pleas allege, in unmistakable terms, a wagering contract, and the appeal from the judgment of the court below holding them bad, presents this single question, viz.: Is the fact that judgment was rendered on the note of appellant in settlement of his losses under the contract, a preclusion of inquiry as to the nature of that contract in an action upon the judgment?

Section 990 of the code of 1880, and the corresponding section (2114), code of 1892, renders void any judgment on "any wager whatever," and the appellant, if he had paid the money lost by him on the wager, could have recovered it back.

Section 189 of Tiedeman's Commercial Paper employs this language: "The cases are unanimous in the opinion that a contract for the payment of differences in prices, arising out of the rise and fall in the market price above or below the contract price, is a wager on the future price of the commodity, and is therefore invalid." And the author cites a large number of cases in support of his proposition. Neither in text-book nor adjudicated cases have we been able to find a single opposing authority.

But this is the doctrine clearly announced by this court in the case of *Clay* v. *Allen & Co.*, 63 Miss., 426. Said the court: "Such a proceeding is a wager, and, as such, void only when the real intent of the parties is to speculate in the rise and fall of prices and the goods are not to be delivered, but one party is to pay the other the difference between the contract price and the market price of the goods at the date fixed for executing the contract."

Now, the pleas in the case before us distinctly aver just such a wagering contract out of which the note and judgment grew, and are a perfect defense to the action on the judgment, if maintained by sufficient evidence.

*Reversed and remanded.*

*Somerville & McLean*, for the appellees, filed a suggestion of error.

WOODS, C. J., delivered the following response to the suggestion of error filed by appellee.

The view contended for in the brief filed with the suggestion of error, as well as the view advanced in the original brief of appellee's counsel, involves the idea of the repeal of § 990 of the code of 1880, by the act of 1882, in so far as dealings in futures were embraced in that section of the code. But there is not the slightest reference in the act of 1882 to § 990 of that code, and repeals by implication are not favored. The repeal by implication must clearly appear in the supposed repealing act, and we fail to find any purpose to repeal any former law by the act of 1882. Rather, it appears to have been the intention of the legislature, by enacting the statute of 1882, to enlarge the existing law. The first section of the act of 1882 makes criminal any dealings in futures, and the second section declares such contracts nonenforceable. But they were already nonenforceable under section 990 and the interpretation placed on that section in *Clay* v. *Allen*, 63 Miss., 426, and, therefore, this second section of the act of 1882 was, so far as concerns contracts made in this state, idle, and added nothing to the law already long in force. Neither did it, as to such contracts, take anything from that law.

*Suggestion is denied.*