LEO MINKUS *v.* WILLIAM H. ARMSTRONG.

[44 South., 32.]

GAMBLING. *Futures. Recovery of money lost. Right of action. Code* 1906, § 2303. *Judgment of sister state.*

Prior to the enactment of Code 1906, § 2303, authorizing the wife or children of one paying money on a "future" transaction to recover it, a widow who recovered a judgment under a similar law in Tennessee could not maintain an action on the judgment in Mississippi.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Mrs. Minkus, appellant, was plaintiff in the court below; Armstrong, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

Appellant recovered a judgment in the chancery court of Shelby county, Tenn., against Armstrong, appellee, for money lost by her late husband in dealing with appellee in transactions commonly called "futures."

The present suit was upon the Tennessee judgment.

*J. M. Thomas,* and *Sam Holloway,* for appellant.

The sole question therefore for the determination of this court is whether or not this court will refuse to enforce a judgment of a court of record of a sister state, the basis of which judgment is a recovery by a widow of a judgment for money lost by her deceased husband in dealing in futures.

It is a matter of common knowledge that most of the states of the Union now have statutes expressly authorizing the wife or widow to sue for money lost by her husband in gambling transactions, and it should be noted in the very beginning of

this argument that such statutes are construed by the courts as remedial and not penal. This holding has been expressly sanctioned by the supreme court of the United States in the case of *Huntington* v. *Attrill,* 146 U. S., 657, 36 Law Ed., 1128. This opinion is by Mr. Justice Gray, and he cites several authorities to the same effect.

The question above propounded, therefore, can be restated so as to read: "Shall the courts of Mississippi refuse to give full faith and credit to a judgment of a court of record of a sister state based upon a remedial statute of such sister state?"

The history of legislation in Mississippi in regard to re-covery of money lost at gambling is rather curious and in-teresting. The Code of 1892 expressly provided in sec. 2116 that the wife could recover for money lost by her husband in gambling transactions. The supreme court in the case of *Isaacs* v. *Silverberg,* 87 Miss., 185, s.c., 39 South., 420, held that this section was inoperative, because it conflicted with sec. 2114, and the court declined to give any efficacy to sec. 2116, holding that the legislature clearly did not intend that the wife should be entitled to any such recovery. That decision was rendered on the 20th day of November, 1905. The legislature of 1906 re-enacted § 2116 of the Code of 1892 into § 2303 of the Code of 1906, and this action of the legislature shows be-yond any question that it was the legislative intent that the wife or widow should recover for money lost by her husband at any game of chance. We take it, therefore, that the law in Mississippi at this date is beyond any question that a wife or widow could recover money lost by her husband in future deals.

But it is insisted by counsel for appellee that the provisions of the Code of 1906 did not go into effect until the first day of October, 1906, and that therefore the law upon this sub-ject at the time of the beginning of suit by Mrs. Minkus, June, 1906, was the same as announced by this court in the case of *Isaacs* v. *Silverberg, supra.* It is true that the case did

not reach the trial judge in the court below for his determination until the middle of October, 1906, and therefore after the time fixed by the legislature for the new code to go into effect; but the trial judge took the position that in determining this cause he must be governed by the law as it existed at the time of the beginning of the suit and not by the law existing at the time such suit was before him for determination.

Bearing in mind that a statute permitting a wife or widow to recover money lost by her husband in future deals is a remedial statute, we are confronted with the proposition that the trial judge declined to enforce a remedial statute which was the law of the state at the time he was called upon to hear and determine this cause. The sole ground upon which such a decision can be defended is that it would be impairing vested rights. Or, to state the proposition in another form, the trial judge virtually held that a litigant has a vested right in the public policy of a state, and that, therefore the legislature could not pass a statute pending the determination of a suit which would change the policy of the state with reference to permitting a recovery in such suit.

That the legislature has the power to pass a remedial statute which shall effect pending litigation, is too clear for argument. *Green* v. *Anderson,* 39 Miss., 360; *Vaughn* v. *Swayzie,* 56 Miss., 704; *Excelsior Mfg. Co.* v. *Keyser,* 62 Miss., 155, 158; *Chicago R. R.* v. *Jones,* 24 L. R. A., 151; *Earley* v. *Geisecker,* 6 L. R. A., 533.

*Anderson & Long,* for appellees.

"Future contracts" were as valid at common law as any other contracts. 14 Am. & Eng. Ency. L. (2d ed.), 606.

"Such speculative contracts (futures) with brokers were valid at common law, are valid now in some states, would be valid in Mississippi, but for statutes." *Isaacs* v. *Silverberg,* 87 Miss., 185.

Under the statute of Tennessee, Shannon's Code of 1896,

§ 3159, gambling contracts are made void.    Under sec. 3160, money won at gambling is not recoverable.    Under sec. 3161, money lost and paid .in a gambling venture may be recovered back within ninety days from time of payment.    Under sec. 3162 the wife or children may, after the expiration of ninety days and within twelve months after the payment of money lost in gambling by the husband and father, recover the same. Under sec. 3163 in certain circumstances a creditor may recover money lost in gambling and paid by his debtor.    Under sec. 3164 any person who sues for money won in gambling is made to forfeit $100, one-half of which shall go to the person suing therefor, and the other half to the county in which the action is brought.    Under sec. 3165 any person negotiating any written instrument founded on a gaming consideration is guilty of a misdemeanor.    Section 3166 declares that "future dealings" is gambling.    Section 3167 declare "future contracts" void, and sec. 3168 makes dealing in "futures" a misdemeanor.

The legislature of Mississippi on the subject of gambling and "future contracts" is found in §§ 2114–2116 and 2117 of the Code of 1892.

The same provisions are found in the Mississippi Code of 1906 with the exception of the amendment to § 2117 of the Code of 1892, in § 2103 of the Code of 1906, giving the loser in a "future deal" or his wife or children, the right to "sue for and recover such money, property or other valuable thing so lost and paid or delivered," etc.

Under § 2114, Code of 1892; § 2300, Code of 1906, this court held that a suit on a judgment tendered upon a note given for a gambling contract (futures) can be defeated by showing the illegality of the original transaction.    *Campbell* v. *National Bank,* 74 Miss., 526, s.c., 21 South., 400.

A judgment obtained upon a gambling contract is void by the statute, and equity will give relief although the defense might have been made a law; nor will it make any difference after the note on which the judgment is based, passes for value into

the hands of an innocent purchaser. *Lucas* v. *Waul,* 12 Smed. & M., 157; *Martin* v. *Terrell,* 12 Smed. & M., 571; *Smithers* v. *Keys,* 30 Miss., 179.

Since our statute making "future contracts" void, our supreme court has held that § 2114 of the Code of 1892 has the same application to that as to the ordinary gambling transactions.

Section 2116 of the Code of 1892, re-enacted in § 2302 of the Code of 1906, provides that the loser in an ordinary gambling venture, who has paid, may himself, or his wife or children, recover the same back. In construing this section in connection with § 2117 of the Code of 1892, amended by § 2303 of the Code of 1906, this court held that the loser in a future deal could not recover his losses. *Isaacs* v. *Silverberg,* 87 Miss., 185.

Future contracts made in another state, under the laws of which they are valid, cannot be enforced in this state. *Lemonius* v. *Mayer,* 71 Miss., 514, s.c., 14 South., 33.

A judgment recovered in another state, the consideration of which was future deals, cannot be recovered in this state, because immoral and against the laws and the public policy of this state. *Lum* v. *Fauntleroy,* 80 Miss., 757, s.c., 32 South., 290.

So it is plain that in this state until the Code of 1906 went into effect, neither the loser in a future transaction, nor his wife or children, could recover his losses from the winner.

Argued orally by *Samuel Holloway,* for appellant, and by *W. D. Anderson,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

Section 2303 of the Code of 1906 is not merely a remedial statute as contradistinguished from a penal statute. It confers the right of action on the wife or children of the party paying money on a future transaction, and on the party himself, to sue for and recover such money. At the time of the institu-

tion of this suit, some months prior to October 1, 1906, there was no such right of action recognized by the laws of this state.     See § 2116 of the Annotated Code of 1892, the cases of *Lemonius* v. *Mayer,* 71 Miss., 514, 14 South., 33, and *Campbell* v. *Bank,* 74 Miss., 526, 21 South., 400, 23 South.; 25, and § 2114 of the Annotated Code of 1892.     The legislature plainly intended by sec. 2303, Code, 1906, to confer upon the parties named the right of action "to recover any money, property, or other valuable thing lost, paid, or delivered from the parties knowingly receiving the same" in any transaction known as "future deals."     In this case the widow sued to recover under the laws of Tennessee, which confer the same right, and this action was brought in this state to enforce that judgment founded on future dealings at a time when no such right was conferred by the laws of this state.     We do not decide at this time anything as to the right of the widow to maintain this action if she shall sue anew, now that sec. 2303 has become a part of our law and does confer this right.     This decision is not to be understood as in any way prejudicing her right to bring such suit now.

*Affirmed.*