WILLIAM H. ARMSTRONG v. LEO MINKUS.

[47 South. 467.]

1. JUDGMENTS. *Sister states. Constitutional law. Constitution United
States, art. IV, sec. 1. Faith and credit.*

Under the constitution of the United States, art. IV, sec. 1, full
faith and credit must be given in this state to the judgments
of other states, and a defense to a suit on such a judgment can-
not be predicated of the fact that it was based on a transaction
in "futures," although the statutes of this state forbid the en-
forcement of contracts commonly called "futures," and such a
transaction, if had in this state, is a misdemeanor.

2. SAME. *Gambling. Wife may sue for husband's losses. Code 1906,
§ 2303. Similar statute, sister state.*

Under Code 1906, § 2303, authorizing a wife whose husband has
lost money in "futures" to recover it, an action may be main-
tained in this state on a judgment of a sister state recovered
under a similar statute.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Mrs. Minkus, appellee, was plaintiff in the court below; Arm-
strong, appellant, was defendant there. From a judgment in
plaintiff's favor the defendant appealed to the supreme court.

Appellee recovered a judgment against appellant in the state
of Tennessee for money lost by her husband in dealing with ap-
pellant in "future" transactions. She brought a suit on this
judgment in the circuit court of Lee county, Miss. On the
trial of the case, that court overruled a demurrer to the defend-
ant's plea in bar. On appeal the supreme court affirmed the
judgment of the circuit court, because Code 1906, § 2303,

authorizing the wife or children of one paying money on a "future" transaction to recover it, was not operative when the suit was begun. See *Minkus v. Armstrong,* 90 Miss. 751, 44 South. 32, 12 L. R. A. (N. S.) 873. The decision of the supreme court, however, was without prejudice to the right of Mrs. Minkus to bring another suit, and she brought the present action.

*Anderson & Long* for appellant.

Every question involved in this case is *res adjudicata,* except one, and that is whether under Code 1906, § 2303, the wife is entitled to recover the gambling losses of her husband.

Code 1906, § 2303 was passed and went into effect after the transactions between the husband of Mrs. Minkus and Armstrong, in the state of Tennessee; and after she had brought suit in that state and recovered judgment. At the time those transactions took place, and at the time of the recovery of the judgment in Tennessee, as well as at the time the first suit was brought on the judgment in this state, there was no law in this state authorizing either Minkus or his wife to recover his gambling losses. Is it competent for the legislature to pass a law, after the act, authorizing such a recovery? Such a statute is condemned by sec. 16 of our constitution, and sec. 10 of art. 1 of the constitution of the United States, prohibiting the passage of *ex post facto* laws.

At the time of the gambling transactions between Minkus and Armstrong, the Tennessee statutes, as well as the statutes of Mississippi, condemned such transactions as criminal; and the Tennessee statute went further and authorized the recovery, under certain circumstances of the money lost, by the loser, his wife and others; while the Mississippi statute did not authorize such recovery. Section 2303 of the Code, subsequently added an additional penalty to that imposed for the criminal offense, by authorizing the wife to recover the losses. Certainly the right given the wife by section 2303 of our code is

the imposition of an additional penalty. It is a penal statute. Before the passage of such statute, the wife had neither a legal nor equitable claim to the losses.

An *ex post facto* law is one, which in its operation, makes that criminal or penal, which was not so at the time the act was committed, or which increases the punishment, or in short, which in relation to the offense or its consequences, alters the situation of the party to his disadvantage." 12 Am. & Eng. Ency. of Law (2d ed.) 525 and notes.

"It is well settled that the phrase '*ex post facto*' as used in the constitution of the United States and the constitutions of several states, applies only to penal and criminal statutes which impose punishment or forfeitures, and not to such civil statutes as affect private rights retrospectively." 12 Am. & Eng. Ency. of Law, (2d ed.), 526 and notes.

"Generally speaking, if after the commission of an offense, a statute is passed, which in relation to such offense or its consequences, alters the situation of the person accused or the commission thereof, to his disadvantage, such statute is unconstitutional." 12 Am. & Eng. Ency. of Law, (2d ed.) 532.

Where, however, the statute regulates only the mode of procedure in the prosecution of antecedent crimes, it is not *ex post facto* in the sense of the constitution; and it is within the power of the legislature to change the form and method of procedure, provided such statute does not change the situation of the accused to his disadvantage. "But a statute which takes from the accused, a substantial right given to him by law, in force at the time to which his guilt relates, is *ex post facto* in its nature and operation, and a statute of that kind cannot be sustained simply because in a general sense it may be said to regulate procedure. 12 Am. & Eng. Ency. of Law, (2d ed.) 533, 534.

"If it (the law claimed to be *ex post facto*) shall subject an individual to a pecuniary penalty, for an act which, when done, involved no responsibility, or if it deprives a party of any val-

uable right, like the right to follow a calling, for acts which were innocent, or at least not punishable by law when committed, the law will be *ex post facto* in the constitutional sense, notwithstanding it does not in terms declare the acts to which the penalty is attached, criminal." Cooley's Const. Lim. (5th ed.) 323, 324.

The definition of *"ex post facto* laws" given by Justice Chase in *Calder v. Bull,* 3 Dallas 386, was approved by our supreme court in the following language:

"First, every law that makes an act done before the passage of the law, and which was innocent when done, criminal;

Second, every law that aggravates the crime, or makes it greater than it was when committed;

Third, every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed;

Fourth, every law that alters the legal rules of evidence, and receives less or different testimony, than the law required at the time of the commission of the offense in order to convict the offender." *Lindzey v. State,* 65 Miss. 542, 5 South. 99.

Applying these principles to the case in hand; when these transactions out of which this suit grew, took place, both Armstrong and Minkus, under the Tennessee statutes, subjected themselves to a criminal prosecution. Had they taken place in Mississippi each would have been liable to a like prosecution, under our statute making such transactions criminal. Armstrong would have been liable here to punishment by fine, but not otherwise nor further. Code 1906, § 2303, adds to the punishment or penalty, by way of an additional penalty, making Armstrong forfeit at the suit of his wife, the losses of the husband. What is it but an aggravation of the penalty already imposed by law? This statute gives her the right to sue for something to which she had neither a legal nor an equitable claim. If under section 2303 of our code, it can be applied to past transactions, the legislature could come along at any time before

the final adjudication of the rights of the parties in the courts and pass another statute authorizing the wife to recover double the losses of the husband in such gambling transactions, and she would be entitled to have such statute enforced. Clearly such a statute would be an *ex post facto* law, and condemned by the constitution of the state and of the United States.

If we are mistaken about the statute in question being an *ex post facto* law under the constitution, then we submit that it is a retrospective law of the character condemned by our organic law.

"He who has never been bound, either legally or equitably, cannot have a demand created against him by mere legislative enactment." Cooley's Const. Lim. (5th ed.) 455.

The reversal of *Fauntleroy v. Lum,* 80 Miss. 757, by the supreme court of the United States does not mean that following it, this case must be affirmed.

*Sam Holloway* and *J. M. Thomas,* for appellee.

*Ex post facto.* As to the passage by the legislature of a similar act to that in Tennessee under which the appellee, Mrs. Minkus, recovered judgment in Tennessee, being condemned by section 10, article 1, of the constitution of the United States, prohibiting the passage of *ex post facto* laws, we have only to answer in reference to whether or not this is a penal statute and the extra territorial effect of the same, relying upon the decision of the highest court of this land, that while penal in one sense, yet as far as its enforcement in this particular case is concerned it is a remedial statute. *Huntington v. Attrill,* 146 U. S. 657, 36 L. Ed. 1128.

*Retrospective Law.* Retrospective laws which are condemned are those which take away from one some substantial right and which invade the domain of vested interests.

MAYES, J., delivered the opinion of the court.

In the case of *Minkus v. Armstrong,* 90 Miss. 751, 44 South. 32, 12 L. R. A. (N. S.) 873, this court merely held that at the

time Mrs. Minkus instituted her suit she had no right to sue, because the suit was brought before section 2303 of the Code of 1906 became effective, and because of this the suit was dismissed without prejudice. In rendering the above decision the court was simply redeclaring the law as held in the case of *Lum v. Fauntleroy,* 80 Miss. 757, 32 South. 290, 92 Am. St. Rep. 620. Since the decision of this case, above referred to, the case of *Lum v. Fauntleroy,* has been appealed to the supreme court of the United States, and the holding of this court in that case reversed. See case of *Fauntleroy v. Lum,* 210 U. S. 230, 28 Sup. Ct. 641, 52 L. Ed. 1039.

Mrs. Minkus' suit against Armstrong is founded upon a judgment recovered in Tennessee. Since the first suit was brought, section 2303 has become a part of our law, and the supreme court of the United States in the *Fauntleroy case* has reversed the holding of this court in the case of *Lum v. Fauntleroy,* and Mrs. Minkus, after all these changes in the law, for a second time has brought another suit against Mr. Armstrong on this Tennessee judgment. In the light of the decision of the supreme court of the United States, referred to above, she has the right to maintain this suit on her judgment recovered in the state of Tennessee, whatever it may have been founded upon there, and she also now has the right under section 2303 of the Code of 1906.

*Affirmed.*