HARTWELL HANDLE CO. *v.* JACK.*

(In Banc.　Feb. 13, 1928.)

[115 So. 586.　No. 26759.]

1. MASTER AND SERVANT. *Employment of minor in violation of law prescribing age limit is negligence per se rendering employer liable for injury proximately resulting (Child Labor Law).*

   Employment of a minor under fourteen years of age in violation of Child Labor Law (Hemingway's Code 1927, sections 5137-5145), forbidding employment of minors under fourteen years of age in industrial plants, constitutes negligence *per se* rendering employer civilly liable for any injury to child which is proximate result of violation of statute.

2. NEGLIGENCE. *Minor under fourteen years employed in violation of law is not chargeable with contributory negligence requiring reduction of damages (Child Labor Law; Hemingway's Code 1927, section 516).*

   149 Miss.—30.

Minor under the age of fourteen years employed in violation of Child Labor Law (Hemingway's Code 1927, sections 5137-5145), is not chargeable with contributory negligence so as to require reduction of damages in proportion to amount of negligence in accordance with Hemingway's Code 1927, section 516.

---

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 297, n. 14; p. 906, n. 71; Employment of child in violation of statute as negligence which will sustain action for personal injury, see annotation in 7 L. R. A. (N. S.) 335; 48 L. R. A. (N. S.) 656; 18 R. C. L. 553; 3 R. C. L. Supp. 824; 4 R. C. L. Supp. 1195; 5 R. C. L. Supp. 991; 6 R. C. L. Supp. 1075.

Appeal from chancery court of Chickasaw county, First district.

Hon. C. Lee Crum, Special Judge.

Action by Elkin Shell Jack, a minor, by Mrs. Mary Shell Jack, his mother and next friend, against the Hartwell Handle Company. From the decree, defendant appeals, and plaintiff cross-appeals. Affirmed in part, and in part reversed and remanded.

*Leftwich & Tubb,* for appellant.

The learned chancellor found that employing the boy was negligence *per se* and no matter how or when the injury occurred about the factory that the appellant was responsible and was an insurer of the boy's safety. We are compelled to admit that some courts have held in the interpretation of Child Labor Statutes elsewhere that an injury to the child while discharging his task is negligence *per se.*

We stop here to observe that the statute itself gives no civil right of action for any injury that happens to the minor hired in violation of the statute. The penalty inflicted by the statute itself upon the employer is criminal punishment by fine and imprisonment both. That is the only penalty inflicted. The right to sue civilly for the violation of a statute is an invention of the court.

They have reasoned that if the employment was forbidden by statute the person injured should have a right of action for civil damages, but it must be observed here and now that this right of action is a common-law right of action. The learned chancellor wholly failed to put any causal connection logically between the employment and the injury: *Norman* v. *Va.-Pocahontas Coal Co.*, 68 W. Va. 408, 31 L. R. A. (N. S.), 504; *Berdas* v. *Tremont & Suffolk Mills*, 209 Mass. 489, Ann. Cas. 1912B, 797; *Bare* v. *Cain Creek Coal Co.*, 123 Am. St. Rep. 966, 8 L. R. A. (N. S.), 580; 4 Thompson on Negligence, 3827; and 18 R. C. L. 554.

In the first authority cited, 31 L. R. A. (N. S.), 504, the question is discussed with great reason and astuteness the case is at length annotated, and in substance held that the violation of the statute is not rightly considered the proximate cause of the injury unless the injury is the natural, probable and anticipated consequence of the nonobservance of the statute by the employer.

The learned court in his opinion after illogically holding that the bare fact of the employment of the minor in violation of the statute was the proximate cause of the injury goes on to apply to the minor the doctrine of contributory negligence. We submit that our comparative negligence statute cannot serve the appellee because the record overwhelmingly discloses that the injury to the boy was solely and only caused by his own gross negligence and his own failure to observe ordinary intelligence to save his own limb. The plea of contributory negligence necessarily implies that the defendant who pleads it was guilty of some negligence himself. The defendant below did not plead contributory negligence but that the plaintiff's injury was suffered solely and only because of his own carelessness. The rule is well illustrated by 20 R. C. L., p. 106, sec. 92. "When the defendant has exercised every possible care and caution, negligence fails to exist, and an injury resulting,

it must occur only by the negligence of the plaintiff, which cannot be considered contributory but original negligence.''

The learned counsel in his argument below invoked the doctrine not only that the employment was the proximate and sole cause of the injury, but if it were not that the appellant was forbidden to plead contributory negligence and the law would not hear him. It is plain from the authorities that if the employer were guilty of negligence the comparative statute applies to the minor and the damages suffered would have to be reduced accordingly. For this court to hold that the appellant were estopped if he saw fit to plead contributory negligence would be tantamount to the conclusion that the Child Labor Statute of 1924 repealed the contributory negligence statute in force for some years in the state of Mississippi. Repeals by implication are never favored. It is useless to argue, and certainly in this case, where the complainant below founds his right of action on the common law, to the effect that where a prohibitive statute is involved and has been violated an action for tort in favor of him for whom the statute was enacted will arise, a doctrine that is the creature of the common law as we have stated. That also by virtue of its own force and extermination powers the Child Labor Statute repeals the statute of comparative negligence found in section 516, Hemingway's Code 1927.

In *Berdos* v. *Tremont & Suffolk Mills, supra,* the Supreme Court of Massachusetts in dealing with the Child Labor Statute of that state uses the following language: ''this statute by prohibiting the employment of children under fourteen years of age in certain employments does not purport in terms to change the ordinary rules of negligence applicable to actions of tort arising between master and servant, as do certain other statutes. This court has many times held that children of sufficient intelligence to understand the hazards of their employment

are subject to the ordinary rules of negligence. *Dobbins* v. *Lookout Oil Ref. Co.,* 133 Miss. 248, 97 So. 546; *Railroad Co.* v. *Price,* 72 Miss. 870; *Worthington* v. *Goforth,* 266 So. 504; *Tatum* v. *Crabtree,* 130 Miss. 462; *A. & V. R. R. Co.* v. *Jones,* 111 Miss. 196, 71 So. 318; *Rose* v. *Pace,* 144 Miss. 374, 109 So. 861.

*J. H. Ford,* for appellee.

Section 5137, Hemingway's Code 1927, reads as follows: "No boy or girl under the age of fourteen years shall be employed or permitted to work in any mill, cannery, workshop, factory or manufacturing establishment within this state." Section 5139, Hemingway's Code 1927, reads as follows: "It shall, be unlawful for any person, firm or corporation to employ, or detain, or permit to work in any mill, cannery, workshop, factory or manufacturing establishment in this state, any child under the age of sixteen years without first requiring said child to present the affidavit of the parent or guardian, or person standing in parental relation to such child, stating the place and date of the birth of such child, the grade of study pursued, and the name of the school and the name of the teacher in charge. The employer shall preserve such affidavit and keep a complete register of all such affidavits, showing all the facts contained therein." These statutes in the strongest terms made it unlawful for appellee to "be employed or permitted" by appellants to work in this mill and factory. On this subject, see 4 Labatt, on Master and Servant, 1571a, 4756; 18 R. C. L. 552 par. 65; 39 C. J. 297, sec. 424; 4 Thompson on Negligence, sections 4599, 4600, and 4601.

It is immaterial here whether the violation of the Child Labor Statutes of this state is negligence *per se,* or *prima-facie* evidence of negligence, or evidence of negligence to be submitted to the jury, for the court found from the evidence that "this employment in violation of

the law, is the proximate cause of the injury sustained''
by appellee. In other words, the learned chancellor sit-
ting as both judge and jury found as a fact that appellee
sustained his injuries while in the actual performance
of the duties for which he was employed in violation of
the prohibitory statute and hence sustained his injuries
by reason of such employment.

The statute fixed the age of fourteen years as that
under which there can be no lawful employment or per-
mission to work in a factory regardless of intelligence,
size or any other condition. *Marine* v. *Lehmaier,* 173
N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. Appellants ar-
gue at length that appellee was thoroughly instructed as
to the dangers of his employment. This is one of the
disputed questions of fact in this record with the weight
of the evidence to the contrary in favor of the plaintiff.
But if that were a fact appearing beyond question, it
is no defense to this action. ''The fact that the child was
given full instructions is not available as a defense to the
employer when sued for damages for an injury received
by a minor while employed contrary to statutory pro-
hibition.'' 39 C. J. 304; *Brilliant Coal Co.* v. *Sparks,* 16
Ala. 665, 81 So. 185, 82 So. 161; *Stehle* v. *Jaeger Auto-
matic Mach. Co.,* 220 Pa. 617, 69 Atl. 1116, 14 Ann. Cas.
122.

*J. H. Ford,* on cross-appeal, for appellee.

The court found that the appellee was guilty of ''con-
tributory negligence that contributed to his injury,'' and
gave ''to the defendant, in awarding damages to the com-
plainant, the benefit of a reduction of the amount of dam-
ages due to the contributory negligence.'' The court
awarded appellee five thousand dollars as one-third of
the damages sustained by him, saying, ''The fact is, I do
not think it would be over a third of the damages that
really has been sustained and I have written this opin-

ion for the purpose of giving the Supreme Court in case this cause goes up there on appeal, an opportunity to know what my finding of facts in the case are, and if I have mistaken the law in applying it, give them an opportunity and counsel on both sides an opportunity to have the error corrected.'' We contend, first, that the court should not have reduced the damages sustained for contributory negligence of this minor but should have given him a decree for the full amount of fifteen thousand dollars it found from the evidence he had sustained by the injury, and, second, that is appellee's damages should have been decreased by contributory negligence on his part, such reduction should not have exceeded one-half of the damages sustained by him under our comparative negligence statute, and the decree in his favor should on that theory have been for at least seven thousand five hundred dollars.

The court found from the evidence that the unlawful employment of this boy, ''merely a child, only thirteen years old'' in ''flagrant violation of the statute'' was the proximate cause of his injury sustained by him. Therefore, his damages sustained, which the court found was ''really fifteen thousand dollars'' should not have been reduced for any contributory negligence on his part.

As to the defense of contributory negligence: ''many courts have held that the employer may so defend the action although it appears that the plaintiff was in his employ in violation of an act forbidding the employment of youthful persons. But the modern view is to the contrary. Sound policy dictates that such statutes should be deemed a declaration that children under the specified age do not possess the judgment, discretion and caution essential to engagement in the prescribed occupation or industry.'' 18 R. C. L. 635, par. 130. See, also, 39 C. J. 906, sec. 1137, where many authorities are listed; and White Supplement to Thompson's Negligence 635, sec. 3832. Decisions may be found which hold that contrib-

utory negligence may be used in a limited way in defense to such an action. An examination of these will show that many of them so hold by a divided court, as in the case of *Norman* v. *Virginia-Pocahontas Coal Company,* 68 W. Va. 408, 31 L. R. A. (N. S.), 504, cited and relied by appellant, and in some a decision of the question was not called for by the facts in the particular case, as in *Elk Cotton Mills* v. *Grant,* 140 Ga. 727, 79 S. E. 836, 48 L. R. A. (N. S.), 657. It is believed that the sound reasoning is on the side of the majority.

Argued orally by *Geo. T. Leftwich,* for appellant.

COOK, J. Elkin Shell Jack, a minor, by Mrs. Mary Shell Jack, his mother and next friend, instituted an attachment in chancery against the appellant, the Hartwell Handle Company, an Illinois corporation, seeking to recover damages for personal injuries sustained by said minor while he was in the employ of appellant and was engaged about his duties around a planing machine. The return of the sheriff on the writ of attachment shows a levy upon the land occupied by the mill plant of appellant, and also all machinery and property located thereon. The court below granted a decree awarding the complainant damages in the sum of five thousand dollars, and impressing upon the lands, mill, and machinery of appellant a lien for the satisfaction of the decree, and from this decree an appeal, without *supersedeas,* was prosecuted.

The appellee was thirteen years of age at the time of his injury. When he was employed by appellant he was put to work at a planing machine, the operating part of which consisted of revolving rollers with knives bolted on them to plane lumber which was passed through the machine. Short pieces of timber were being run through this machine, and it was the duty of the appellee to receive these timbers as they came from the machine and stack them near by. The appellee had never worked

around machinery before, and he was injured on the third day after he was employed. At the time of the injury no timbers were being fed into the planing machine, for the reason that the foreman was endeavoring to make some adjustment of a piece of tin or screen that had been attached to the machine for the purpose of keeping shavings from flying from the machine into the faces of the employees around it. The machine was running at the time, and with his hands the appellee undertook to brush some accumulated shavings from around the rollers to which the planing knives were attached. His right hand and arm were caught by these rollers, and the arm was torn off about three inches from the shoulder.

There was some effort to show that the mother of appellee consented to his employment by the appellant, and, while the testimony does not show any express consent, it tends to show that she did not protest or endeavor to prohibit such employment. As to whether the appellee was instructed in regard to the dangers of his employment, the testimony is conflicting; but under our view of this case we do not deem it necessary to set forth the testimony upon these two points.

The appellee invokes the Child Labor Law, sections 5137 to 5145, Hemingway's 1927 Code, and the court below held that the employment of the appellee in violation of the provisions of this statute was negligence *per se* and was the proximate cause of the injury.

The Child Labor Law was first enacted as chapter 164, Laws of 1914, and was amended by chapter 314, Laws of 1924, the provisions of the latter act which are here material being sections 1 and 3 thereof (sections 5137 and 5139, Hemingway's 1927 Code), which read as follows:

Section 1. "That no boy or girl under the age of fourteen years shall be employed or permitted to work in any mill, cannery, workshop, factory or manufacturing establishment within this state."

Section 3. "That it shall be unlawful for any person, firm or corporation to employ, or detain, or permit to

work, in any mill, cannery, workshop, factory or manufacturing establishment in this state, any child under the age of sixteen years without first requiring said child to present the affidavit of the parent or guardian, or person standing in parental relation to such child, stating the place and date of the birth of such child, and also stating the last school attendance of such child, the grade of study pursued, and the name of the school and the name of the teacher in charge. The employer shall preserve such affidavit and keep a complete register of all such affidavits, showing all the facts contained therein.''

Under the provisions of section 1 of this act the employment of any boy or girl under the age of fourteen years in any mill, workshop, factory, or manufacturing establishment within this state, either with or without the consent of the parent or guardian of such minor, is absolutely prohibited, while under the provisions of Section 3 of the act children over the age of fourteen and under the age of sixteen years may be lawfully employed in such plants, provided the employer shall take and preserve the affidavit of the parent or guardian of such child that is required by said section. Section 1 of this act definitely establishes an age limit under which children shall not be employed in industrial plants where they will be exposed to the danger of personal injury from the machinery used therein. It is a legislative declaration that on account of the immaturity of youth, such a child does not possess sufficient experience, discretion, and judgment to engage in work around machinery which may be inherently dangerous, or which may be dangerous to children on account of their lack of experience and judgment, and the employment of a minor under fourteen years of age, in violation of this statute, is negligence *per se* which will render the employer civilly liable for any injury to the child which is, in a legal sense, the proximate result of the violation of the statute, and

therefore within its protective purposes.  There must, of course, be some causal connection between the unlawful employment and the injury to the child, but, in order that the unlawful employment may be held to be the proximate cause of the injury, it is not necessary that the injury be the proximate result of some act or omission of the minor in the discharge of the particular duty assigned to him, but the employer will be held liable if the injury resulted from the employment and was incident to any of the risks or dangers in and about the, business, or inherent in its environment.

While the provisions of the said chapter 314, Laws of 1924, have not been previously construed by this court, the great weight of authority supports the view that the employment of a minor in violation of a statute absolutely prohibiting such employment is negligence *per se.* In volume 4, Labatt's Master and Servant, section 1571a, in discussing this question, the author used the following language:

"Having regard to the character of the facts involved in cases which involve the employment of children under the age limited by a statute, it seems clear that, whenever the injury resulted directly from exposure to the ordinary risks of the employment, the plaintiff is, at the very least, entitled to have his right of recovery determined by the jury.  But in the opinion of the present writer, a court would, in such circumstances, always be warranted in holding, as a matter of law, that the illegal employment was the proximate cause of the injury. There appears to be no ground upon which it can reasonably be contended that an injury so received was not a natural and probable consequence of the tortious act. In fact, the very consideration which has led to the enactment of statutes of this description is that, in certain employments, children are so likely to be injured that it is desirable, as a matter of public policy, to prevent them entirely from engaging in those employments.  In this

point of view the statutory prohibition may be regarded
as being essentially a legislative pronouncement with re-
gard to the question of proximate cause.''

In 18 R. C. L. par. 65, p. 552, it is said that: ''After
some hesitation and questioning it has become the rule
of the majority of courts that a violation of a statute for-
bidding the employment of children and subjecting the
employer to a penalty is to be deemed conclusive evi-
dence of negligence whenever such violation can be seen
to have been the natural and proximate cause of an in-
jury. In other words the violation of the statute is neg-
ligence as a matter of law, or negligence *per se.* . . .
If the injury be received while the child is actively en-
gaged in the performance of the duties of the employ-
ment, the unlawful employment is generally held to be
the proximate cause of the injury. The fact that the
injury was received while the child was doing a forbidden
act or one outside the scope of his duties does not destroy
the causal relation between the employment and the in-
jury.''

In 39 C. J. section 424, in discussing the effect of stat-
utes prohibiting the employment of children of less than
specified ages, it is said that ''in accordance with the'
general rules by which a finding of negligence may be'
predicated upon a violation of a duty imposed by stat-
ute, the violation of such a statute by the master is neg-
ligence *per se,* or *prima-facie* evidence of negligence, or
evidence of negligence for the jury,'' and in support of
the view that such a violation is negligence *per se,* the
author cites cases from twenty-one states; while in sup-
port of the holding that the violation of such a statute is
only *prima-facie* evidence of negligence, or evidence of
negligence for the jury, cases from only three states are
cited.

The court below held that the minor appellee, who was
employed in violation of the provisions of the statute
prohibiting the employment of minors under the age of

fourteen years, was guilty of contributory negligence, and that under the provisions of our contributory negligence statute, section 516, Hemingway's 1927 Code, the damages recoverable should be reduced in proportion to the amount of negligence attributable to the appellee, and from this ruling of the court the appellee prosecuted a cross-appeal. This cross-appeal presents for decision the question of whether or not a minor under the age of fourteen years, who is employed in violation of a statute prohibiting such employment, is chargeable with contributory negligence.

Upon reason and authority we have reached the conclusion that a minor so employed is not chargeable with contributory negligence. The very purpose of the statute is to protect the child under fourteen years of age from the consequences of imprudence, negligence, or lack of care and caution, which on account of the immaturity of youth and the lack of experience, discretion, and judgment is characteristic of children within the prohibited age; and to hold that a child employed in violation of this statute is chargeable with contributory negligence would defeat the very purpose of the statute.

In 39 C. J., p. 906, in discussing this question, the following language is used:

"In many states, statutes have been enacted which forbid the employment of minors under a designated age and make disobedience thereof an offense. In most of these jurisdictions, where a minor hired in violation of such statute is injured in the service, the defense of contributory negligence is not open to the employer. And it is immaterial that, at the time of the injury, the child was doing work he was not authorized to perform or had in fact been forbidden to do, or that he was employed as a result of misrepresentation as to his age."

In support of the above-quoted text of Corpus Juris, cases are cited from Alabama, Arkansas, Illinois, Indiana, Kansas, Kentucky, Minnesota, Missouri, New Jer-

sey, New York, North Carolina, North Dakota, Pennsylvania, Tennessee, Texas, Virginia, and Wisconsin.

In the case of *Louisville & Nashville R. R. Co.* v. *Lyons,* 155 Ky. 396, 406, 159 S. W. 971, 975, 48 L. R. A. (N. S.), 667, the court said:

"The manifest purpose of the statute, as it relates to the matter before us, was to protect the lives and limbs of children by prohibiting their employment in certain occupations that the legislature deemed dangerous or injurious to life or limb, and to save children from accidents that their own heedlessness or carelessness might bring about. This being the very purpose of the statute, if the defense of assumed risk or contributory negligence could be relied on in an action brought by the child to recover damages for injuries sustained, the object of the statute would, in a large measure, be defeated. . . . If the child is to assume the risk of danger that follows his thoughtlessness or want of care or is to be charged with negligence because his immature judgment and youthful habits caused the accident, then in many cases on the child and not the employer would be put the consequences of the unlawful act of the employer. . . .

"We therefore hold that neither the doctrine relating to assumed risk of fellow servants or contributory negligence has any place in the application of this statute. The employer takes all the risk, the child none. It is true this construction makes the employer an insurer of the safety of the child, and so he should be. The lives and limbs of children are too valuable to be sacrificed in dangerous employments, and if an employer, in violation of the statute, engages the services of a child in such an employment, he must see to it that no harm comes to him, or, if it does, he must compensate him, in so far as money can do, for the injury inflicted."

In *Lenaham* v. *Pittston Coal Min. Co.,* 218 Pa. 311, 314, 67 A. 642, 12 L. R. A. (N. S.), 461, 120 Am. St. Rep. 885, in discussing the reasons for the rule, the court said:

"This rule is founded on the principle that, when the legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed did not have the mature judgment, experience and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation."

In the case of *Karpeles* v. *Heine,* 227 N. Y. 74, 124 N. E. 101, the court said:

"In the case of an infant employed in violation of the direct unqualified prohibition of the statute public policy requires that a recovery for injuries received by such a child in the course of his unlawful employment shall not be defeated by the very negligence, lack of care and caution that the statute was designed to prevent and make impossible, by prohibiting the employment of such a child in such a capacity."

The reasons for the rule are very clearly stated in the case of *Stehle* v. *Jaeger Automatic Machine Co.,* 225 Pa. 348, 74 A. 215, 133 Am. St. Rep. 884, where the court said:

"The plaintiff is within a class of persons whom the law seeks to protect in the matter of their employment, because as a rule they are not able to adequately protect themselves. There can be no doubt that one of the chief purposes of the law in forbidding their employment in industrial establishments, was to prevent their exposure to the danger of personal injury from the machinery used therein. If the danger in their case were only such as the adult is exposed to, there would be little justification for the law. It contemplates a special danger to persons of this class in connection with such employment, because of the characteristics incident to the immaturity of youth—imprudence, lack of judgment, heedless curiosity and playfulness—and so it makes their employment unlawful. When a child has been employed in violation

of law and is injured in the place where he is employed, to allow the employer to escape liability because the injury resulted from the imprudence or negligence of the child, would be to defeat the purpose of the law and render it absolutely futile. It was because a child under fourteen years of age is likely to be imprudent and negligent, and is therefore exposed to greater danger to himself and others as well, that his employment in industrial establishments is forbidden. So it is never a question of risk of employment or of contributory negligence.''

Without expressing any views as to whether the award of damages to the cross-appellant would be disturbed if the court below had applied the proper rule of law in assessing the same, we are of the opinion that the decree of the court below must be reversed in so far as it fixed the damages recoverable for the reason that the court improperly charged the appellee with contributory negligence.

The decree of the court below adjudging the liability of the defendant will therefore be affirmed; but, in so far as the decree fixed the amount of damages and ordered a sale of the property, the decree is reversed and the cause remanded for the assessment of damages only.

*Affirmed in part, and reversed in part.*

ANDERSON, J. (dissenting). I go with the majority of the members of the court in holding that a violation by an employer of section 1 of the Child Labor Statute, constitutes negligence *per se* on the part of the employer, and where the child receives an injury while so employed, such negligence on the part of the employer is the proximate cause of the injury. But I cannot go with the majority opinion in holding further that the statute means that the child under fourteen years of age so employed is incapable of contributory negligence. In considering this question it should be borne in mind that the statute does not provide civil liability by an employer for a violation of its terms. It is a criminal statute, intended to

conserve the moral, mental, and physical welfare of children under the ages named therein. In order to carry out that purpose, I think the courts are justified in imposing civil liability on the employer for an injury resulting from a violation of the statute. But why go further? What sound reason is there for holding that the statute meant to declare that a child under fourteen years of age is incapable of contributory negligence? The statute does not say so, either expressly or impliedly. Under the common law, a child under fourteen years of age, of sufficient understanding and judgment, is capable of contributory negligence. When a statute undertakes to change the common law, it must either do it expressly or by necessary implication. A statute in derogation of the common law is to be strictly construed. It is to be construed in reference to the principles of the common law. It is not to be presumed that the legislature intended to make any innovation upon the common law, further than the necessity of the case absolutely required. *Edwards* v. *Goulding,* 38 Miss. 118; *Hollman* v. *Bennett,* 44 Miss. 322; *Dibrell* v. *Dandridge,* 51 Miss. 55; *Shattuck* v. *Miller,* 50 Miss. 386; *Potter* v. *Fidelity & Deposit Co.,* 101 Miss. 823, 58 So. 713.

The majority opinion, in effect, holds that the Child Labor Statute repeals, in part, the Comparative Negligence Statute, chapter 312, Laws 1920 (Hemingway's 1927 Code, section 516) which provides that all actions for personal injuries, or where such injuries have resulted in death, or for injuries to property, the fact that the person injured, or the owner of the property, or person having control over the property, may have been guilty of contributory negligence, shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.

When that statute was enacted the common-law rule in this state was that, where the negligence of the plain-

149 Miss.—31.

tiff injured, or whose property was injured, proximately contributed to such injury, the plaintiff was barred from recovery therefor. The purpose of the statute was to abolish contributory negligence as a complete defense in such cases, and to provide that it should be a partial defense—that such negligence could only be used by the defendant in mitigation of damages. This statute applies, as did the common-law rule, which it modified, to any person capable of contributory negligence, whether such person be an adult or a minor. Certainly the Child Labor Statute, by its express terms, does not conflict with the Comparative Negligence Statute. This court has declared, time and time again, that the repeal of a statute by implication will be looked upon with disfavor by the courts; that where statutes are seemingly in conflict the courts will, if possible, adopt such a construction as will give effect to both; that the intention of repealing an existing statute by implication must clearly appear in the repealing act; that the two acts must be irreconcilable; that both cannot stand up together. A few of these decisions by our court are *Smith* v. *Vicksburg,* 54 Miss. 615; *Campbell* v. *Bank,* 74 Miss. 526, 31 So. 400, 23 So. 25; *Owens* v. *R. R. Co.,* 74 Miss. 821, 21 So. 244; *Ascher* v. *Moyse,* 101 Miss. 36, 57 So. 299; *Gilmore Co.* v. *Wells Co.,* 103 Miss. 468, 60 So. 580; *Holly Springs* v. *Marshall County,* 104 Miss. 752, 61 So. 703.

I am unable to see any reason why the Child Labor Statute, the common-law rule that a minor capable of contributory negligence is chargeable therewith, and the Comparative Negligence Statute, may not all stand up together. There is no provision in either of them which conflicts, either expressly or impliedly, with any provision in the other.

The holding of the majority opinion is not necessary in order to accomplish the purpose of the statute. A minor of sufficient judgment and discretion to be guilty of contributory negligence, who accepts employment in

violation of the Child Labor Statute, thereby participates in the wrong done by the employer; morally one is as guilty of the wrong as the other. I am unable to see any difference between this class of cases and other cases of negligence on the part of defendants and contributory negligence on the part of minor plaintiffs.

It is true that 39 C. J. pp. 906 and 907, states that the rule laid down by the controlling opinion in this case is the majority rule; still, the cases in the notes to support each rule are set out, and it is rather difficult to tell from them which is the majority rule. Certain it is, though, that the notes show that the minority rule is supported by ample authority from several different states.