ANDERSON MFG. CO., INC., *v.* WADE.*

(Division B.   Dec. 17, 1928.)

[119 So. 313.   No. 27424.]

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, section 432, p. 303, n. 53; section 1268, p. 1056, n. 29; Negligence, 45CJ, section 598, p. 1040, n. 33; As to whether employment of child under statutory age without procuring employment certificate is evidence of negligence, see annotation in 48 L. R. A. (N. S.) 664; 18 R. C. L. 554; 3 R. C. L. Supp. 824; 4 R. C. L. Supp. 1195; 5 R. C. L. Supp. 991; 6 R. C. L. Supp. 1075.

*John Sivley Rhodes*, for appellant.

*McNeil & Hendrick,* for appellee.

*Watkins, Watkins & Eager,* in reply for appellant.

Anderson, J.   Appellee brought this action in the circuit court of Hinds county against appellant to recover damages for injuries received by him while in the employ of appellant, a manufacturing plant engaged in the manufacture of furniture, fixtures, etc., caused by the alleged negligence of appellant, and recovered judgment in the sum of three thousand seven hundred dollars. From that judgment the appellant prosecutes this appeal.

At the time of the injury, appellee was a minor fifteen years and nine months of age.   The injury occurred in appellant's industrial plant while appellee was employed therein.   Appellant's plant was of the character in which, under section 2, chapter 314, Laws of 1924 (section 5138, Hemingway's 1927 Code), the Child Labor Statute, minors under the age of fourteen years are prohibited from being employed, and, under section 3 of that act (section 5139, Hemingway's 1927 Code), minors between the ages of fourteen and sixteen years are prohibited from being employed except upon an affidavit of parent, or guardian, or person standing in parental relation to such child, stating the place and date of birth of such child, and also stating his last school attendance, the grade of study pursued by him, and the name of the school, and the name of the teacher in charge thereof. Appellee claimed the right to recover for his injury under the latter section which, in full, is as follows:

"It shall be unlawful for any person, firm or corporation to employ, or detain, or permit to work, in any mill, cannery, workshop, factory or manufacturing establishment in this state, any child under the age of sixteen years without first requiring said child to present the affidavit of the parent or guardian, or person standing in parental relation to such child, stating the place and

date of the birth of such child, and also stating the last school attendance of such child, the grade of study pursued, and the name of the school and the name of the teacher in charge. The employer shall preserve such affidavit and keep a complete register of all such affidavits, showing all the facts contained therein."

The evidence showed that the appellant employed the appellee without requiring the production of the affidavit provided by the statute. The trial court ruled out evidence tending to show that appellee's own negligence proximately contributed to his injury, and refused instructions requested by the appellant in which it was sought to inform the jury that, if appellant's own negligence proximately contributed to his injury, they should reduce his damages in proportion to such negligence. The action of the court in that respect is assigned and argued by the appellant as error.

It was held in *Hartwell Handle Co.* v. *Jack,* 149 Miss. 465, 115 So. 586, construing section 2 of the Child Labor Statute, that the employment of a minor under fourteen years of age in a manufacturing plant of the character defined by that statute, which employment is prohibited by the second section of the Child Labor Statute, constitutes negligence *per se,* rendering the employer civilly liable in damages for an injury to the child resulting from such employment, and that such child was not chargeable with contributory negligence so as to require a reduction of his damages, in proportion to his negligence; that the effect of the statute was to declare that a child under fourteen years of age was incapable of contributory negligence. Appellant's position is that the principles of the Hartwell case are not controlling in this case. We think the appellant's position is sound for the following reasons: Section 2 of the act prohibits unconditionally the employment of a child under fourteen years of age in the character of industrial plant defined by the statute. The reason for this prohibition is, as

held in the Hartwell case, that a child under fourteen years of age is incapable of taking care of himself as an employee in such a plant, incapable of exercising discretion and judgment, and therefore incapable of contributory negligence. But the statute does not forbid the employment of children over fourteen years of age. It expressly provides that children between the ages of fourteen and sixteen may be legally employed in such a plant on the production of the affidavit provided by the statute, and section 8 of the act (section 5144, Hemingway's 1927 Code) makes it a crime on the part of an employer to violate the act in that respect. It is reasonable to assume that the legislature thought that children between the ages of fourteen and sixteen were capable of taking care of themselves in the ordinary occupations, and therefore ought to be chargeable with contributory negligence. The act neither directly, nor by implication, provides that the contributory negligence of a child between those ages cannot be set up in mitigation of damages, but proceeds on the idea that he is capable of exercising judgment and discretion, because it permits his employment where the statute is complied with in reference to the required affidavit.

The supreme court of Louisiana, in *Flores* v. *Steeg Printing & Publishing Co.*, 78 So. 119, construing a section of the Child Labor Act of that state which is substantially the same as section 3 of our Child Labor Statute, held that a child between the ages of fourteen and sixteen, employed without the production of the required affidavit, was chargeable with contributory negligence in a case where the evidence tended to show he was guilty of such negligence—not negligence in seeking and accepting the employment, but negligence on his part in contributing to and bringing about the specific act which immediately caused his injury. There are authorities to the contrary, but we think the principles declared in

that case are based on sounder reasons than the authorities holding the contrary.

There was ample evidence to go to the jury tending to show that appellee, in taking hold of the saw which caused the injury to his hand in the manner and under the circumstances it was done, was guilty of negligence which proximately contributed to his injury. All such evidence relevant to that issue ought to have been admitted, and it follows that the court ought to have submitted to the jury that question, by proper instructions at the request of appellant, and erred in giving the instructions to the appellee which withdrew that issue from the consideration of the jury.

Appellant sought to have the court instruct the jury that, if they believed from the evidence that, although the appellee was employed by the appellant without the production of the required affidavit provided by the statute, still, if the appellant exercised good faith in such employment, having good reason to believe, and did believe, that appellee was sixteen years of age, or above, at the time of his employment, and that such belief was brought about by the false and fraudulent representations made by appellee as to his age, and that the injury resulted solely from appellee's own negligence, they should return a verdict for the appellant. As stated, the evidence showed that the appellee, at the time of his injury, lacked only three months of being sixteen years of age, and the evidence tended to show that he was about six feet in height, and had the appearance of being from seventeen to nineteen years of age, and appellant offered evidence to the effect that, when appellee was employed, he was asked by appellant particularly as to his age and experience, and that he stated that he was above sixteen years of age, and had been away from home working for himself, earning his own living for several months prior to the time of his employment by appellant, part of the time with a box factory, and part with the Dunn Con-

struction Company, and that appellant, judging from appellee's physical appearance, and relying, in good faith, on his statement as to his age and experience, employed him. In other words, if what appellant's testimony tended to show was true, the violation of the statute in employing appellee was brought about by the appellee's fraud—his false and fraudulent representations as to his age, in connection with his physical appearance. Certainly it is true that a person between the ages of fourteen and sixteen can be guilty of fraud. We have already held above that he is capable of, and chargeable with, contributory negligence. If the child employed is under fourteen years of age, he is employed at the peril of the employer. It is incumbent upon the employer to know his age. He will not be heard to say that the employment of such child was brought about by the fraud of the latter in representing his age to be above fourteen years, for, under the reasoning in the *Hartwell case, supra,* a child under fourteen years of age can neither be guilty of contributory negligence nor fraud. But, between the ages fourteen and sixteen, he may be guilty of either or both.

Stating the governing principles of the case over again in a short way: Appellee, under the Child Labor Statute, made out a *prima-facie* case of negligence contributing proximately to his injury by simply showing his employment by appellant without the production of the affidavit required by the state. If the appellee was guilty of negligence in and about the handling of the saw which caused the injury to his hand, which negligence contributed proximately to such injury, he should be charged therewith, and his damages reduced proportionately. If appellee was employed by appellant through his own fraud as defined above, the case will stand exactly as if there were no Child Labor Statute; and therefore, if appellant was guilty of no negligence proximately contributing to appellee's injury, but such injury was

brought about solely by appellee's own negligence, appellant would be without liability therefor.

*Reversed and remanded.*